# IN THE COURT OF APPEALS OF IOWA

No. 12-0826
Filed April 30, 2014

**ERIC C. MILLER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.


Applicant appeals from the district court's ruling denying his application for postconviction relief. **AFFIRMED.**


Erin Carr, of Carr & Wright, P.C., Des Moines, for appellant.

Eric Miller, Fort Madison, pro se appellant.

Thomas J. Miller, Attorney General, Tyler Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Susan Cox, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Eric Miller appeals from the district court's denial of his application for postconviction relief. For the reasons set forth below, we affirm the district court.

I.

On November 15, 2007, following a jury trial, Miller was convicted of murder in the first degree and sentenced to imprisonment for a term of life. The facts and circumstances surrounding the murder are set forth in great detail in *State v. Miller*, No. 07-2051, 2009 WL 249646, at *1 (Iowa Ct. App. Feb. 4, 2009), and need not be repeated here. Prior to his trial, Miller successfully sought to suppress admissions made to the police following improperly administered *Miranda* warnings. The trial court, however, denied Miller's motion to suppress similar admissions made after Miller was properly *Mirandized* two separate times by police officers during further interrogation.

On direct appeal, Miller's appellate counsel elected not to appeal issues related to the suppression motion, concluding that the issues lacked merit. Specifically, appellate counsel correctly concluded controlling legal authority held that in the absence of coercion subsequent statements made after proper *Miranda* warnings were given were admissible. *See Oregon v. Elstad*, 470 U.S. 298, 318 (1985) ("We hold today that a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite *Miranda* warnings."); *Irving v. State*, 533 N.W.2d 538, 542 (Iowa 1995) (recognizing *Elstad* as controlling authority on this issue). Instead, appellate counsel focused on a

single issue: whether Miller's trial counsel rendered ineffective assistance by failing to object to testimony regarding prior bad acts. This court denied the appeal. *See Miller*, 2009 WL 249646, at *1.

In November 2010, Miller filed a pro se application for postconviction relief. Subsequently, Miller was appointed postconviction counsel. Postconviction counsel filed an amended application for postconviction relief. The district court summarized Miller's and postconviction counsel's grounds for relief as follows: (1) Miller's appellate counsel was ineffective for failing to appeal the denial of portions of Miller's motion to suppress his admissions and for focusing appellate argument on a single issue, (2) the prosecutor engaged in prejudicial misconduct, (3) Miller's conviction was against the weight of the evidence, and (4) the State failed to prove the malice element of murder in the first degree beyond a reasonable doubt. After summarizing each of Miller's and postconviction counsel's arguments, the district court rejected the same and denied Miller's application for postconviction relief.

II.

Miller first contends that his direct appeal counsel was ineffective for failing to appeal the trial court's ruling on his motion to suppress the admissions made after receiving proper *Miranda* warnings. Claims of ineffective assistance of appellate counsel are judged using the same two-pronged test used to review claims of ineffective assistance of trial counsel. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001); *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998). To establish deficient performance, the applicant must establish that

appellate counsel failed to raise an issue that reasonably competent counsel would have raised. However, "[s]electing assignments to assert as grounds for reversal is a professional judgment call [courts] are reluctant to second-guess." *Osborn*, 573 N.W.2d at 922. "Hindsight may show the judgment call was wrong. But this is a far cry from qualifying as ineffective representation." *Id.* at 922-23 (alteration and citation omitted). To prove appellate counsel's deficient performance resulted in prejudice, the applicant must show the underlying claim would have prevailed if it had been raised on direct appeal. *See Ledezma*, 626 N.W.2d at 141. Thus, we must review the merits of the underlying claim to determine whether appellate counsel was ineffective, *see id.* at 141-42, while recognizing that counsel has no duty to raise an issue that has no merit. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). We review ineffective-assistance-of-counsel claims de novo. *See Ledezma*, 626 N.W.2d at 141.

In his motion to suppress filed prior to trial, Miller claimed he received an incomplete *Miranda* warning from his arresting officer—the officer forgot to give notice that an attorney would be appointed if Miller could not afford one—and claimed the improper *Miranda* warning necessarily tainted any subsequent statements made after proper *Miranda* warnings were given. Miller concedes this claim fails under the Federal Constitution. *See Elstad*, 470 U.S. at 318. He asks this court to evaluate the claim under article I, section 9, of the Iowa Constitution. This argument was not presented to the postconviction court and cannot be raised for the first time on appeal. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than

the axiom that a party cannot sing a song to us that was not first sung in trial court."). Even if error had been preserved on the issue, we conclude that appellate counsel did not breach an essential duty in failing to raise the Iowa constitutional claim on direct appeal due to the *Irving* court's approval of *Elstad*. *See, e.g.*, *State v. Gomez*, No. 11-0350, 2012 WL 2122266, at *12 (Iowa Ct. App. June 13, 2012) (holding that counsel did not breach an essential duty in failing to argue for suppression of statements under the Iowa Constitution given the approval of *Elstad* in *Irving*).

Miller filed a separate pro se brief on appeal. He appears to claim he received ineffective assistance of postconviction counsel insofar as postconviction counsel failed to raise several claims: (1) arguments relating to improper instructions, (2) the court's combined jury instructions served to operate as an ex post facto law, (3) Miller's trial information was not a true trial information and was therefore void, (4) the individual who signed the trial information claiming to be "Attorney for Defendant" was an imposter or a thief, and (5) the trial court lacked subject matter jurisdiction over his proceedings.[1] After review of the postconviction relief record and Miller's claims on appeal, we reject Miller's claims. The claims were not presented to the district court. *See Rutledge*, 600 N.W.2d at 325. Even assuming the claims have been properly presented for our review, they fail on the merits.

---

[1] The State does not attempt to distinguish or otherwise contest the ongoing vitality of the conclusion in *Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994), that there is a statutory right to the effective assistance of postconviction counsel.

III.

For the foregoing reasons, we affirm the district court's denial of Miller's application for postconviction relief.

**AFFIRMED.**