**STATE of Iowa, Appellee,**

v.

**Heather Rae RUTLEDGE, Appellant.**

**No. 96–1671.**

Supreme Court of Iowa.

Sept. 9, 1999.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,\* JJ.

HARRIS, Senior Judge.

██ Defense counsel in this criminal prosecution did not at the time challenge the prosecutor for unfair and unprofessional arguments during the State's summations to the jury. So, although the comments were clearly improper, the defendant is confronted by an obvious preservation problem. Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court. We do not subscribe to the plain error rule in Iowa, have been persistent and resolute in rejecting it, and are not at all inclined to yield on the point. *See, e.g., State v. McCright,* 569 N.W.2d 605, 607 (Iowa 1997). We thus affirm defendant's conviction because trial counsel's failure to complain bars the challenge.

Defendant Heather Rutledge was charged and convicted of delivering a controlled substance (amphetamine) in violation of Iowa Code section 124.401(1)(c)(6) (1995). The charge arose from a controlled buy in which Rutledge sold the materials to a police informant. The buy occurred at the residence of a person named Tracy Pauls. At trial Rutledge offered an alibi defense, testifying she was with Mitch Thomason at his house during the time in question. Thomason also so testified, as did Rutledge's sister and another of Rutledge's friends.

The prosecutor, assistant county attorney Jeff Tekippe, mounted an attack on Rutledge's alibi witnesses that was plainly out of bounds. In arguing the case to the jury he called defense witnesses a "pack of liars," "druggees," and "a gang that couldn't shoot straight." He said Mitch Thomason "can't tell the truth on the stand," and was "creating reality as he speaks." He said defense witnesses "couldn't be candid with you if they tried,"

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Lee E. Poppen, County Attorney, and Jeff Tekippe, Assistant County Attorney, for appellee.

\* Retired justice serving as senior judge pursu-
ant to Iowa Code section 602.9206 (1999).

and that they "outright lied ... through their teeth." He told the jury that "[t]hese people would lie to save their own hides."

In this appeal following her conviction of delivery, Rutledge admits she faces a preservation problem. She does not complain of any ruling or action of the trial court. Her sole assignment of error assails the prosecutor's comments which she insists denied her a fair trial.

I. The uninitiated might quarrel with the preservation-of-error requirement. Superficially, it might seem more just to consider claims of trial error without regard to whether trial counsel complained as matters unfolded. Critics of our rule would argue that clients' important rights should not expire for want of their lawyers' alertness.

On closer reflection we think simple justice demands rigid adherence to the rule. The rule does not proceed, as cynics would have it, from some vague fear of blindsiding a trial judge, but rather from the very real fear of blindsiding the trial process. Long experience has taught us that the bulk of mistakes made at trial can and will be corrected whenever the trial court is alerted to them. The public should not be required to fund a system that would allow trial counsel to, as lawyers often phrase it, "bet on the outcome." After all the lawyer might be the only person in the courtroom alert to an error. It would be flagrantly unjust to allow such a lawyer to sit mute and complain only on appeal following an unfavorable outcome. Our cases are legion that hold error is waived unless preserved by a timely trial objection. *See, e.g., State v. Johnson,* 476 N.W.2d 330, 334 (Iowa 1991), and cases there cited.

II. Nevertheless, on the basis of *State v. McIntyre,* 203 Iowa 451, 456, 212 N.W. 757, 759 (1927), Rutledge argues for an exception to the preservation requirement when a prosecutor's argument is "flagrantly improper and evidently prejudi-

cial." *State v. Hutchison,* 341 N.W.2d 33, 38 (Iowa 1983). Since our *McIntyre* holding we have occasionally hinted the possibility of such an exception to the preservation requirement in extreme cases, but always refused to apply it on the facts. We have even stopped short of acknowledging there actually is such an exception. *See Hutchison,* 341 N.W.2d at 38–39. Rutledge confronts us in this case with a request to once and for all establish the validity of this phantom exception to the rule. The State on the other hand tempts us with a request to put the phantom to rest by expressly rejecting it.

We are unwilling to accept Rutledge's request. To establish such a precedent would apply the plain-error rule. On the other hand it is again unnecessary, and therefore inappropriate, to honor the State's request that—on this record—we disavow the exception. As was the situation in our prior cases mentioning the rule, Rutledge would not qualify under it if it did exist. The exception would call for two factors, only one of which appears here. It would need to appear (1) the prosecutor's argument was flagrantly improper, and (2) was evidently prejudicial. Given that the comments were flagrantly improper, it does not appear they were evidently prejudicial.

*McIntyre* demonstrated what was meant by evidently prejudicial. The prosecutor's argument in that case outrageously misstated the record, included references to newspaper articles discussing other crimes, mentioned the possibility of parole making imprisonment inconsequential, and informed the jury that the rules of evidence inhibited the prosecutor from disclosing more facts about the case. The present case is far different. Although we condemn the prosecutor's language, it cannot be said that the record lacks support for a challenge to the veracity of defense witnesses, notwithstanding the outrageous language chosen. This case simply does not match up with *McIntyre.*

III. A timely objection would undoubtedly have prompted corrective steps by the presiding judge, or lacking that, a far different scope of review on appeal. But, because error was not preserved, we reject Rutledge's sole assignment.

**AFFIRMED.**