**IN THE COURT OF APPEALS OF IOWA**

No. 3-1215 / 13-0520
Filed February 5, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TODD A. BITKER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen D.

Weiland, Judge.

Todd Bitker appeals his conviction for possession of a controlled

substance, third offense. **AFFIRMED.**

Russell Schroeder Jr. of Schroeder Law Office, Charles City, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney

General, and Carlyle D. Dalen, County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Todd Bitker appeals from his conviction for possession of a controlled substance, third offense. He argues the impound of his vehicle was motivated by an improper purpose and that officers were not allowed to open closed containers in his vehicle during the inventory. We affirm, finding the district court properly denied Bitker's motion to suppress. We find Bitker's argument regarding the closed container was not preserved for our review.

## I. Facts and Proceedings.

Bitker and a friend were pulled over for speeding by a Cerro Gordo County police officer while Bitker was driving. Bitker was unable to produce proof of insurance when requested by the officer. The officer asked the passenger for identification, and then ordered Bitker back to his police vehicle, because he had arrested the passenger for possession of methamphetamine shortly before. On his way to the squad car, the officer patted Bitker down and asked if there was anything illegal in the car. The officer requested to search Bitker's vehicle; Bitker declined the request. The officer pressed Bitker again to search the vehicle, stating he wished to search because he had arrested the passenger for drugs and Bitker's name was "tossed around" during the investigation. Bitker again declined, and the officer stated that his refusal was "raising a lot of red flags." The officer asked Bitker questions about drug use, and stated he needed to ask the passenger some questions. The officer then questioned Bitker's passenger, asking whether the passenger had drugs on him and whether the officer could search the passenger. The passenger denied the request to search.

The officer searched Bitker's driving history and found he had a 2007 violation for failing to provide proof of insurance. The officer left the squad car to confer with his fellow officer.[1] When the officer returned, he told Bitker he was going to tow his vehicle for failing to show proof of insurance. Bitker told the officer he was positive there was insurance on the vehicle, he just could not locate the certificate, and asked why the officer would not issue a ticket and allow him to show proof the next day as was his previous experience. The officer issued Bitker citations for speeding and failing to provide proof of insurance. Bitker again searched his vehicle for the insurance card; the officer shined his light around the vehicle while Bitker looked for the insurance card. At no point did the officer ask if the passenger had a valid drivers' license. Bitker retrieved his cellular telephone to call his girlfriend for a ride home, and the officer promptly searched the vehicle for an "inventory" and found a closed pouch containing pills. The officer handcuffed both Bitker and the passenger. Bitker later admitted the pills belonged to him.

Bitker was arrested and charged with possession of a schedule three controlled substance, third or subsequent offense. He filed a motion to suppress evidence obtained by the inventory search on December 27, 2011. A hearing was held on the motion, and the officer testified as to the events surrounding the vehicle inventory. The motion to suppress was denied September 26, 2012. The court found, "It is clear that the deputy's *primary* motivation for impounding the vehicle was to search for evidence of criminal activity" but concluded that because the officer's action was authorized by statute, it could not conclude the

---

[1] There is no audio in the recording for this portion of the stop.

impoundment was for the sole purpose of investigation. Bitker's motion to reconsider was also denied. Trial on the minutes of testimony was held November 20, 2012; Bitker was found guilty as charged. He now appeals, arguing the district court improperly denied the motion to suppress.

## II. Analysis.

"We review the district court's ruling on this Fourth Amendment issue de novo." *State v. Huisman*, 544 N.W.2d 433, 436 (Iowa 1996). When examining whether the warrantless seizure of a vehicle for impoundment purposes is reasonable, "we no longer examine the reasonableness of the officer's decision to impound; we look for the existence of reasonable standardized procedures and a purpose *other than the investigation of criminal activity*." *Id.* at 437 (emphasis added). We first look to the existence of a departmental impoundment policy. *Id.*

Our supreme court considered a more restrictive departmental policy in *Huisman*:

> "The critical factor in determining whether too much discretion has been granted to police officers regarding impoundment of an arrested person's automobile is the ability for arbitrary searches to be conducted by the police officers." [*State v. Toohey*, 475 N.W.2d 16, 26 (Mich. 1991)]. The possibility of arbitrary searches is curtailed here because there are limited opportunities for the exercise of police discretion. The written policy mandates that police honor an operator's reasonable request for accommodation. Absent such a request, the standard practice mandates impoundment if no licensed driver is available.
> . . . .
> Huisman asserts the police did not follow their departmental policy because they failed to explore alternatives to impoundment. Huisman's argument fails because the policy does not require the police to provide for the safekeeping of the vehicle in some manner other than impoundment unless the operator requests an

accommodation. Huisman made no request for accommodation, so her argument is without merit.

*Id.* at 438. Our supreme court noted the policy upheld in *Huisman* was even more restrictive than that upheld by our United States Supreme Court in *Colorado v. Bertine*, 479 U.S. 367, 375–76 (1987). *Id.* The Court in that case found:

> Bertine finally argues that the inventory search of his van was unconstitutional because departmental regulations gave the police officers discretion to choose between impounding his van and parking and locking it in a public parking place. The Supreme Court of Colorado did not rely on this argument in reaching its conclusion, and we reject it. Nothing in [*South Dakota v. Opperman*, 428 U.S. 364 (1976)] or [*Illinois v. Lafayette*, 462 U.S. 640 (1983)] prohibits the exercise of police discretion *so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.* Here, the discretion afforded the Boulder police was exercised in light of standardized criteria, related to the feasibility and appropriateness of parking and locking a vehicle rather than impounding it. There was no showing that the police chose to impound Bertine's van in order to investigate suspected criminal activity.

*Bertine*, 479 U.S. at 375–76 (emphasis added). Our inquiry, then, is whether the officer's actions in this case complied with a policy which presented "limited opportunities for the exercise of police discretion" with a purpose other than the investigation of criminal activity. *See Huisman*, 544 N.W.2d at 438–439. "To decide whether the officers were motivated solely by an investigatory purpose, we examine whether, when viewed objectively, an administrative reason for the impoundment existed." *Id.* at 439.

Upon our de novo review of the evidence, we agree with the district court the officer used the impound and inventory process to get around Bitker's denial of his request to search the vehicle. The officer conducted an arbitrary search of

Bitker's car and paid mere lip service to conducting the inventory for the purpose of impoundment.

But his personal intent is not our inquiry—our law asks whether an administrative purpose for the impoundment existed when viewed objectively. *See id.* Iowa Code section 321.20B(4)(a)(4) (2011) allows for impoundment of a vehicle for failure to produce evidence of insurance. In his motion to suppress, Bitker did not challenge the constitutionality of this statute, nor the officer's compliance with the impoundment procedures under the statute. Because our statute allows for impoundment where a driver cannot produce proof of insurance, we find that when viewed objectively, the officer was allowed to impound Bitker's vehicle.

Bitker also challenges the opening of the closed container in his vehicle. This issue was not raised before the district court; we therefore do not consider the issue for the first time on appeal. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us [on appeal] that was not first sung in trial court."). Further, in *State v. Jackson*, 542 N.W.2d 842 (Iowa 1996), our supreme court considered the issue of opening closed containers (a suitcase) during an inventory search. It held that in evaluating the validity of an inventory search, our law requires an officer to execute the search pursuant to standardized criteria. *Jackson*, 542 N.W.2d at 846.

In this case, the Cerro Gordo County police inventory policy reads, "[T]he officer shall open all closed containers. However, the officer may exercise his discretion in not opening such containers if . . . they would not likely contain

valuable property." The officer "administered the department's standardized criteria in good faith when he inventoried the property located in the defendant's vehicle." *See id.*

**AFFIRMED.**