MANSFIELD, Justice
(concurring specially).
I join the majority opinion because I do not believe the record provides a factual basis for the conclusion that Nick Rhoades intentionally exposed A.P. to Rhoades’s bodily fluids in a manner that could result in the transmission of the HIV virus. However, I write separately because Justice Zager’s dissent makes some excellent points, and I want to comment briefly on them.
Although we have not said so as a court, I think the reality is that our court has an expansive view of ineffective assistance of counsel. See State v. Clay, 824 N.W.2d 488, 504 (Iowa 2012) (Mansfield, J., concurring specially). In some respects, we are using ineffective assistance as a substitute for a plain error rule, which we do not have in Iowa. See State v. Rutledge, 600 N.W.2d 324, 325 (Iowa 1999) (“We do not subscribe to the plain error rule in Iowa, have been persistent and resolute in rejecting it, and are not at all inclined to yield on the point.”). One of those areas is guilty pleas, where we vacate a plea whenever the record does not contain a factual basis for each element of the crime, seemingly without regard to counsel’s actual competence. See State v. Gines, 844 *34 N.W.2d 487, 441 (Iowa 2014). In Gines, we said:
Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice is inherent in such a case. The only inquiry is whether the record shows a factual basis for the guilty plea.
Id. (citation omitted) (internal quotation marks omitted).
Thus, even as we use the terminology “ineffective assistance” as a tool to review criminal convictions, I think it is especially important that we not appear to be criticizing counsel when we are talking about a legal construct of this court. See Clay, 824 N.W.2d at 504 (Mansfield, J., concurring specially) (objecting to any general suggestion that a criminal defense attorney who commits ineffective assistance by our standards has also committed an ethical violation). I join the majority opinion in this case, but I do so without finding fault in the performance of Rhoades’s defense counsel.
WATERMAN, J., joins this special concurrence.