**IN THE COURT OF APPEALS OF IOWA**

No. 14-0627
Filed April 22, 2015

**DOROTHEA POLK,**
        Plaintiff-Appellee,

**vs.**

**DEPARTMENT OF ADMINISTRATIVE SERVICES and IOWA WORKFORCE DEVELOPMENT,**
        Defendants-Appellants.
_____

Appeal from the Iowa District Court for Polk County, Brad McCall, Judge.


The defendants appeal following a jury verdict in favor of Dorothea Polk on her claim that she was fired from her employment in retaliation for filing a civil rights complaint concerning race discrimination. **AFFIRMED.**


Jeffrey S. Thompson, Solicitor General, and Julia S. Kim, Assistant Attorney General, for appellants.

Thomas Newkirk, Jill Zwagerman, and Leonard Bates of Newkirk Zwagerman, P.L.C., Des Moines, for appellee.


Heard by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

The Iowa Department of Administrative Services and Iowa Work Force Development (collectively "the State") appeal following a jury verdict in favor of Dorothea Polk on her claim that she was fired from her employment in retaliation for filing a civil rights complaint concerning race discrimination. The State contends the district court's jury instructions incorrectly stated the legal standard for retaliation claims under Iowa Code chapter 216 (2007) because a higher causation standard was required, causing its prejudice. We affirm.

### I. Background Facts and Proceedings.

In January 2006, Dorothea Polk was hired by defendant Iowa Workforce Development (IWD) to work in its Business Services Bureau as a clerk. This position was subject to a six-month probationary period. In May 2006, Polk filed an Iowa Civil Rights Commission (ICRC) complaint against her supervisor and her chain of command. Polk, along with others, alleged there was "[o]ngoing and continuing racial discrimination and retaliation and the maintenance of a hostile environment toward African Americans seeking employment and advancement at IWD."

In July 2006, Polk was informed she did not successfully complete her probationary period, and her employment with IWD was terminated. Polk subsequently filed a second complaint with the ICRC asserting she "was fired due to [her] race as part of the continuing pattern of discrimination against African Americans and in retaliation for filing a civil rights complaint in May of 2006." Polk alleged she "was fired for false reasons [three] days before [she was

to obtain] protection under the Union as [she] was the only person of the group who complained in May that was subject to termination without union protection."

Ultimately, Polk was issued right-to-sue letters following the filing of her civil rights complaints. In 2007, Polk, along with others, filed a class action against defendants IWD and Iowa Department of Administrative Services (IDAS) alleging, among other things, claims of race discrimination under Iowa Code chapter 216. In October 2013, Polk's individual claims against the State of race discrimination and retaliation were severed and tried separately to a jury.

Prior to trial, the parties submitted proposed jury instructions to the court. The court then drafted its own proposed jury instructions and provided them to the parties before the case was submitted to the jury. Concerning Polk's retaliatory-discharge claim, the court proposed the following instructions, similar to those proposed by Polk:

**Instruction No. 13**
To establish her claim of *retaliation*, [Polk] must prove all of the following elements:
1. [Polk] filed a civil rights complaint or otherwise reported conduct that she reasonably believed was potential harassment or discrimination, and
2. Defendants discharged [Polk], and
3. [Polk's] complaint was *a motivating factor* in the decision of Defendants to discharge her.

If [Polk] has proved all of the above elements, you shall consider whether . . . Defendants have established that they would have taken the same employment action against [Polk] regardless of her race, as explained in [the following instruction]. If [Polk] has failed to prove any of these elements, your verdict must be for . . . Defendants on the claim of retaliation.

**Instruction No. 14**
As used in these instructions, an "adverse employment action" is an action that detrimentally alters or adversely affects the

terms, conditions, or privileges of employment, specifically including decisions related to hiring, promotion, and termination.

**Instruction No. 15**

As used in these Instructions, [Polk's] race and/or her reports of discrimination based upon race are "a motivating factor" if [Polk's] race and/or reports of discrimination based upon race, either separately or combined, *played a part* in Defendants' decision in failing to hire [Polk], in failing to promote [Polk], or in terminating [Polk]. [Polk's] race and/or her reports of discrimination based upon race need not be the only factor in Defendants' decision to be "a motivating factor."

**Instruction No. 16**

In determining whether or not [Polk's] race or complaints of discrimination were a motivating factor in Defendants' decision to take adverse employment action you may consider whether [Polk] has proved that Defendants' stated reasons for its decision are not the real reason, but are a pretext to hide discrimination or retaliation.

**Instruction No. 17**

You may not return a verdict for [Polk] just because you might disagree with Defendants' decision or believe it to be harsh or unreasonable.

**Instruction No. 18**

If you find in favor of [Polk] in connection with any of her claims for discrimination or retaliation, as described in Instruction Nos. 12 and 13, then you must also consider whether or not the Defendants have proved that they would have made the same employment decisions related to [Polk], regardless of her race or report of discrimination.

(Emphasis added.) The State objected to these proposed instructions, and it asserted its marshalling instruction should be used instead, citing as authority for its instruction the Eighth Circuit's Civil Jury Instructions sections 5.21, 5.40, and 10.41 (2013), as well as Iowa Code section 216.6(1)(a), *Hy-Vee Food Stores, Inc. v. Iowa Civil Rights Commission*, 453 N.W.2d 512 (Iowa 1990), and *Dubuque City Assessor's Office v. Dubuque Human Rights Commission*, 484 N.W.2d 200, 202 (Iowa Ct. App. 1992):

In order to recover on her disparate treatment claim of retaliatory discharge . . . [Polk] must prove each of the following:

First, that [Polk] complained to the defendant that she was being discriminated against on the basis of race; and

Second, that [Polk] reasonably believed that she was being discriminated against on the basis of race; and

Third, that the defendant discharged [Polk]; and

Fourth, that the defendants' decision to discharge was made because [sic] [Polk's] complaint of race discrimination.

If any of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim. The retaliation must be intentional and the focus is on the defendants' motive. Proof of retaliatory motive is critical, although it can in some situations be informed from the mere fact of differences in treatment.

The State argued the court's instruction was

an incorrect statement of law for two reasons. It ignores the statutory standard set forth in Chapter 216 of the Iowa Civil Rights Act. In particular, it ignores the "because of" language, which is the operative language in the Civil Rights Act with regard to . . . claims of discrimination.

It ignores the [Iowa] Supreme Court's admonition in [*Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1, 7 (Iowa 2009)] that the court . . . must be mindful not to substitute federal concepts for the clear words of the Iowa Civil Rights Act. This instruction does that. It also ignores the fact that there is an intent requirement for disparate treatment claims as set forth in [*Hy-Vee Food Stores, Inc.*, 453 N.W.2d at 512].

The State did not proffer an instruction defining the term "because [of]," as used in its proposed marshalling instruction. The court denied the State's objection, finding the court's proposed instruction adequately and appropriately set forth the applicable law.

Thereafter, the case was submitted to the jury. The jury found Polk did not prove her claims of race discrimination, but it determined Polk did prove her claim of retaliation, and it awarded damages to Polk.

The State subsequently filed a motion for a new trial and judgment notwithstanding the verdict, alleging, among other things, that "it was legal error to deny [its] proposed 'because of' retaliation instruction and adopt [Polk's] proposed 'motivating factor' retaliation instruction instead." A reported hearing was held on the matter, and the State again argued the court should have given a "because of" instruction. The court denied its motion.

The State now appeals, contending the district court erred in not using its proposed instruction concerning Polk's retaliatory-discharge claim. It asserts the "motivating factor" language used by the court incorrectly states the legal standard for retaliation claims under Iowa Code chapter 216 because a higher causation standard was required, causing it prejudice.

## II.  *Scope and Standards of Review.*

The State's claim that the trial court should have given its requested instruction is reviewed for an abuse of discretion. *See Asher v. OB-Gyn Specialists, P.C.*, 846 N.W.2d 492, 496 (Iowa 2014). If the trial court materially misstated the law in its instructions, it has committed legal error. *See id.* However, reversal is not warranted if the record affirmatively establishes the complaining party was not prejudiced. *See id.* Specifically, if the court's error was not one of constitutional magnitude, we will only find prejudicial, reversible error if we determine "it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice." *Id.* (internal quotation marks and citation omitted); *see also State v. Mayhew*, 170 N.W.2d 608, 619 (Iowa 1969).

### III. Discussion.

The Iowa Civil Rights Act (ICRA), set forth in Iowa Code chapter 216, makes it an unfair or discriminatory practice for an employer "to refuse to hire, accept, register, classify, or refer for employment, to discharge any employee, or to otherwise discriminate in employment . . . because of the age, race, creed, color, sex, sexual orientation, gender identity, national origin, religion, or disability" of the employee or job applicant. Iowa Code § 216.6 (Supp. 2007); *see also Dindinger v. Allsteel, Inc.*, _____ N.W.2d _____, 2015 WL 968718, at *2 (Iowa 2015). Section 216.11(2), in turn, provides:

> It shall be an unfair or discriminatory practice for . . . [a]ny person to discriminate or retaliate against another person in any of the rights protected against discrimination by this chapter because such person has lawfully opposed any practice forbidden under this chapter, obeys the provisions of this chapter, or has filed a complaint, testified, or assisted in any proceeding under this chapter.

The State maintained at trial, and advances here, that section 216.6's use of the word "because" mandates a higher causation standard than the "motivating factor" language used in the district court's instruction. On appeal, the State suggests that rather than using "a motivating factor," the court should have required Polk "prove the filing of her complaint was a *significant* factor in her termination—not that it merely 'played a part' in her termination." Polk contends the State did not argue at trial that the court should use "a significant factor" instead of "a motivating factor" and thus failed to preserve this claim for our review. Polk also contends that, "[w]hen read together, [the jury instructions] accurately stated the applicable law on the causation standard in retaliation cases under the ICRA."

As Polk points out, the State did not mention the phrase "a significant factor" when it objected to Instruction No. 13 setting forth the elements of the retaliation claim, nor did it propose in its own jury instruction or in its post-trial motions that "a significant factor" should have been used. In response, the State argues it objected to Instruction No. 13's use of "a motiving factor" and Instruction No. 15's definition of "a motivating factor" as "played a part," and this was sufficient to put the trial court on notice to take the corrective action it now suggests the court should have taken. We disagree.

Our supreme court has explained "that objections to jury instructions must specify the matter objected to and the grounds for objection." *Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 703 (Iowa 2013) (citing Iowa R. Civ. P. 1.924). "The purpose of the rule is to enable trial counsel to correct any errors in the instructions before the court submits the case to the jury." *Pavone v. Kirke*, 801 N.W.2d 477, 496 (Iowa 2011). Consequently, "[o]bjections must be specific enough to put the trial court on notice of the basis of the complaint so the court may appropriately correct any errors before placing the case in the hands of the jury," and we therefore only consider on appeal the grounds that were sufficiently specified in the objections below. *Mitchell*, 832 N.W.2d at 703.

Here, the State's own proposed instruction did not use the phrase "a significant factor." Additionally, its proposed instruction cited the Eighth Circuit's Civil Jury Instructions numbers 10.41, 5.21, and 5.40, which do not use the language "a significant factor." Instruction number 10.41 refers the reader to the legal overview stated in instruction number 10.00, which explains that one of the elements of a retaliation claim under Title VII of the Civil Rights Act of 1991, 42

U.S.C. § 2000e-3, is that "the plaintiff must show that retaliation was a 'determining factor' in the employer's challenged decision." *See* 8th Cir. Civ. Jury Instrs. §§ 10.00 at 251, 10.41 at 257-58 (2013). However, instructions number 5.21 and 5.40 both use the phrase "motivating factor." *See id.* §§ 5.21 at 103, 5.40 at 108. In fact, instruction number 5.21 defines "motivating factor" in the following context: "[T]he plaintiff's (sex, gender, race, national origin, religion, disability) was a 'motivating factor,' if the plaintiff's (sex, gender, race, national origin, religion, disability) played a part [or a role] in the defendant's decision to _____ the plaintiff." *See id.* § 5.21 at 103. Similarly, neither of the cases cited by the State in support of its proposed instruction used the phrase "a significant factor." *See Hy-Vee Food Stores*, *Inc.*, 453 N.W.2d at 524 (requiring plaintiff to show "a discriminatory reason more likely motivated" the employer's decision); *Dubuque City Assessor's Office*, 484 N.W.2d at 203 (explaining that "the disparate treatment theory focuses on the employer's motivation; the disparate impact theory focuses on the consequences of the employer's conduct").

On appeal the State argues the district court should have used the language "a significant factor." We agree with Polk that the State failed to advance this argument before the district court and has therefore failed to preserve it for our review here. "Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court." *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999). More specifically, a party cannot amplify or change its objection to an instruction on appeal. *See Moser v. Stallings*, 387 N.W.2d 599, 604 (Iowa 1986). We cannot assign error to the failure to give an instruction that was not requested. *See id.*

Accordingly, we affirm the district court's denial of the State's motion for a new trial and a judgment notwithstanding the verdict.

**AFFIRMED.**