# IN THE COURT OF APPEALS OF IOWA

No. 15-0737
Filed April 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ADNAN SAHINOVIC,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Adnan Sahinovic appeals the district court's resentencing order. **AFFIRMED.**

Benjamin D. Bergmann of Parrish, Kruidenier, Dunn, Boles, Gribble & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Adnan Sahinovic appeals the district court's resentencing order, claiming the plea agreement should be set aside and his convictions overturned upon the adoption of the plain error doctrine. Sahinovic also claims the court erred in denying his motion to extend or in failing to consider his defective plea claim at the resentencing hearing. We affirm.

In May 2011, Sahinovic was charged with three counts of robbery in the first degree and one count of forgery. He was seventeen years old at the time the offenses were committed, but the charges were filed in adult court pursuant to Iowa Code section 232.8 (2011). He entered guilty pleas to the lesser included offense of robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3, and forgery, in violation of Iowa Code section 715A.6. The court sentenced Sahinovic to a term not to exceed ten years in prison on the robbery charge, with a mandatory minimum seven year sentence, and two years on the forgery charge; both sentences were to be served concurrently.

In January 2014, Sahinovic filed a pro se motion to correct an illegal sentence claiming a "supreme court case" held juveniles could not be sentenced to mandatory minimum sentences and therefore his sentence was unconstitutional. Due to Sahinovic's indigent status, the district court appointed the public defender's office, and later a second attorney, to represent Sahinovic to potentially recast his motion.

After no action was taken by the second attorney, Sahinovic retained a third attorney, who filed a motion to extend the deadline to recast the pro se

motion to correct an illegal sentence as a petition for postconviction relief (PCR). One of the purposes of this request was to include a second claim concerning the court's failure to advise Sahinovic of the consequences a guilty plea may have on his immigration status. In December, the district court denied Sahinovic's motion to recast but did not prohibit any future PCR filing, if warranted.

On April 27, 2015, the court held a resentencing hearing on Sahinovic's motion to correct an illegal sentence. After considering the factors in *State v. Lyle*, the court removed the mandatory minimum sentence requirement from Sahinovic's sentence. 854 N.W.2d 378, 400 (Iowa 2014) (finding mandatory minimum sentences of imprisonment for juvenile offenders are unconstitutional under the cruel and unusual clause of the Iowa Constitution). The court again refused to consider Sahinovic's challenge to his guilty plea but noted the claim could be pursued in a later PCR action. Sahinovic now appeals.

On appeal, Sahinovic raises several claims that would require us to adopt the plain error rule.[1] Federal Rule of Criminal Procedure 52(b) allows an appellate court to consider a "plain error that affects substantial rights . . . even though it was not brought to the [district] court's attention." Upon an appellate court's discretion, it may use this rule to correct an error not raised below if an appellant can demonstrate:

---

[1] The State claims Sahinovic has failed to preserve error on this claim. The plain error rule, if adopted, would act as an exception to our error preservation rules. *See* Fed. R. Crim. P. 52(b). Therefore we elect to discuss the merits of Sahinovic's claim.

(1) there is an "error"; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's substantial rights, which in the ordinary case means" it "affected the outcome of the district court proceedings"; and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (citations omitted).

We find, even if error had been preserved at the district court level, Sahinovic's claim must fail as Iowa has not adopted the plain error rule. Sahinovic asks us to overturn prior cases, arguing "there is a gap in this court's ability to grant redress to Iowans," the Iowa Supreme Court is "already using ineffective assistance of counsel as a replacement for the plain error rule," "the failure to adopt the plain error rule is . . . an example of form over substance," and "failing to adopt plain error raises . . . concerns of judicial integrity." The Iowa Supreme Court has expressly declined to adopt the plain error rule. *See, e.g.*, *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("We do not subscribe to the plain error rule in Iowa, have been persistent and resolute in rejecting it, and are not at all inclined to yield on the point."). The court of appeals is not at liberty to overturn precedent of the Iowa Supreme Court. *See Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011); *State v. Hastings*, 466 N.W.2d 497, 700 (Iowa Ct. App. 1990).

Sahinovic also claims the district court should have granted his motion to extend or considered his defective plea claim at the resentencing hearing. Sahinovic has not provided any legal citation for these arguments; therefore we decline to address them on appeal. Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

We affirm the district court's resentencing order.

**AFFIRMED.**

All judges concur; McDonald, J., writes separately.

**MCDONALD, Judge.** (writing separately)

I concur in the majority opinion. I write separately to note there may be merit in adopting a plain error rule rather than continuing to stretch the doctrinal limits of the right to counsel to address unpreserved error. *See Rhoades v. State,* 848 N.W.2d 22, 33 (Iowa 2014) (Mansfield, J., concurring) ("Although we have not said so as a court, I think the reality is that our court has an expansive view of ineffective assistance of counsel. In some respects, we are using ineffective assistance as a substitute for a plain error rule, which we do not have in Iowa.").