# IN THE COURT OF APPEALS OF IOWA

No. 20-0397
Filed June 30, 2021

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**WILLIAM RODERICK WORRELS, SR.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Mark R. Lawson, Judge.

William Worrels appeals his conviction of possession of a controlled substance. **AFFIRMED.**

Stuart G. Hoover of Alliance Law Office, East Dubuque, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MAY, Judge.**

A jury convicted William Worrels of possession of a controlled substance. We affirm.

Worrels claims the district court's denial of his motion for new trial "in the face of prosecutorial misconduct" amounts to a violation of his "Due Process right to a fair trial and is thereby reversible error." Specifically, Worrels claims the prosecutor engaged in misconduct by introducing evidence that had not been timely disclosed.

Our analysis begins and ends with error preservation, "a fundamental principle of law with roots that extend to the basic constitutional function of appellate courts." *State v. Harrington*, 893 N.W.2d 36, 42 (Iowa 2017). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (citation omitted). This applies "with equal force to constitutional issues." *In re Det. of Matlock*, 860 N.W.2d 898, 910 (Iowa 2015) (Zager, J., concurring in part and dissenting in part).

Because error preservation is so important, our rules explicitly require appellants to explain "how" each "issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided." Iowa R. App. P. 6.903(2)(g)(1). In response to this requirement, Worrels claims he preserved error through his motion for new trial. We disagree. Worrels's appeal centers on the admission of evidence. Objections to evidence may not be raised for the first time in a motion for new trial. Parties may not "sit by and permit"

allegedly improper evidence "to be introduced in a case without objection, and then, in the event of an adverse verdict, predicate error thereon as a ground for new trial or for reversal in this court." *State v. Ostby*, 210 N.W. 934, 937 (Iowa 1926). "This would be, in effect, gambling on the result of a verdict, which cannot be tolerated." *Id.*

Instead, objections to the admission of evidence must be made "*when the evidence is offered* at trial." *State v. Tangie*, 616 N.W.2d 564, 568 (Iowa 2000) (emphasis added). And Worrels does not claim he objected when the evidence at issue was offered. Indeed, in his motion for new trial, Worrels accused his counsel of *failing to* timely object.

This points to another error-preservation concern. In his motion for new trial, Worrels claimed his *defense counsel* was ineffective for permitting the admission of evidence. But that is not the same argument Worrels raises on appeal. Instead, on appeal, Worrels points his finger at the *prosecutor*, who allegedly engaged in misconduct by offering the evidence. And yet "[n]othing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court." *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999).

Worrels cites *State v. Doyle*, No. 12-1624, 2013 WL 4011089 (Iowa Ct. App. Aug. 7, 2013), for the proposition that his post-trial motion properly preserved error.

But Worrels points to nothing in *Doyle* that supports this conclusion.[1]  Indeed, in *Doyle*, we found a defendant had *not* preserved their evidentiary complaints because they had failed to make an "objection at trial to the introduction of the challenged evidence."  2013 WL 4011089, at 3.  We apply the same principles to find Worrels did not preserve error.

Worrels also posits that Iowa Rule of Criminal Procedure 2.19(2), (3) "contemplate[s] for the possibility of a trial court responding" to tardy notice of witnesses sua sponte.  But Worrels does not cite, and we have not found, authority that a district court commits reversible error by failing to act sua sponte in this context.  Rather, in this context, we think a party may not claim the district court's failure to act was reversible error unless the party brought their concerns to the district court's attention in a timely manner.  *See Holmes v. Pomeroy*, No. 19-1162, 2020 WL 5650760, at *5 (Iowa Ct. App. Sept. 23, 2020) (discussing *Loehr v. Mettille*, 806 N.W.2d 270, 271(Iowa 2011), and noting that, although the district court has the power to grant a new trial even if counsel fails to timely object, "failure to make a contemporaneous objection will preclude a party from raising the matter on appeal if the motion for new trial is *denied*" (citation omitted)), *affirmed on further review*, 959 N.W.2d 387 (Iowa 2021).  This is consistent with the general principle that parties may not sandbag by saving their criticisms of the district court "until it

---

[1] Worrels fails to even provide us with a pinpoint citation to the portion of *Doyle* he believes supports his contention.

is too late for the problem to be corrected" by the district court. *Id.* (citation omitted).

Because Worrels did not preserve error, we cannot reach the merits of his appeal.

**AFFIRMED.**