**IN THE COURT OF APPEALS OF IOWA**

No. 22-2002
Filed May 8, 2024

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**DENNIS WAYNE RUPPE,**
　　　Defendant-Appellant.

_____

　　　Appeal from the Iowa District Court for Pottawattamie County, Gregory W. Steensland, Judge.


　　　Defendant appeals his convictions for attempted murder, willful injury causing serious injury, assault while displaying a dangerous weapon, and criminal mischief. **AFFIRMED.**


　　　Matthew Knipe and Allison Schwach of Berry Law Firm, Omaha, Nebraska, for appellant.

　　　Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


　　　Considered by Schumacher, P.J., Chicchelly, J., and Carr, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CARR, Senior Judge.**

Dennis Ruppe appeals his convictions for attempted murder, willful injury causing serious injury, assault while displaying a dangerous weapon, and criminal mischief. We do not address Ruppe's claim he received ineffective assistance of counsel while the court was polling the jury, as we do not address claims of ineffective assistance in a direct appeal. Ruppe did not file a pretrial objection to the venue and this issue is therefore waived. The district court did not abuse its discretion in denying Ruppe's motion for a new trial. We affirm Ruppe's convictions.

## I.     Background Facts & Proceedings

From evidence presented during the trial, the jury could find the following facts. On June 6, 2021, the two teenage children of Carnell Walker heard a popping sound outside in the alley behind their house. When they looked out, they saw the tires on Walker's work van had been slashed and Ruppe was walking towards his home with a knife. The two children told their father what they saw. Walker told his wife to call 911. He went over to Ruppe's house to ask what was going on.

Walker testified that as he came toward Ruppe's house, Ruppe rushed at him with the knife. The two men struggled to gain control of the knife. On video from a Ring doorbell, someone says, "Hey, motherf***er, you come on over here, you're going to die." Walker stated that as he was trying to get away, Ruppe slashed his back. He received lacerations on his chest, left torso, right clavicle, back, chin, and right neck. Walker's children came down the alley towards the fight. Walker yelled at them to run; Walker and his children went back to his house.

Alonso Limas, who lived nearby, testified he heard air coming out of tires and a commotion. He saw Walker bleeding as Walker went back to his house. Limas walked down the alley towards Ruppe's residence. Ruppe pointed a gun at him, so Limas turned around and went back home.

Council Bluffs police officers quickly responded to the scene. They observed Walker's injuries and obtained medical assistance for him. When they talked to Ruppe, he had an injury to his thumb. Officers followed a trail of blood droplets to Ruppe's parents' house, which was next door to Ruppe's house. After obtaining a search warrant, they found Ruppe's bloody keys and wallet in the parents' home. In Ruppe's home, officers found a bloody knife inside a boot.

Ruppe presented a defense of justification. He claimed there were noise disturbances in the neighborhood. Ruppe testified that he complained to Walker about the noise. He admitted that he poked holes in the tires of Walker's work van. Ruppe stated that after he returned to his property, he jumped at an unknown person he believed was trespassing. He testified that a fight ensued while he was holding the knife. Ruppe stated that he pulled out his firearm to scare Limas away.

The jury found Ruppe guilty of attempted murder, in violation of Iowa Code section 707.11(1) (2021); willful injury causing serious injury, in violation of section 708.4(1); assault while displaying a dangerous weapon, in violation of section 708.2(3); and fourth-degree criminal mischief, in violation of section 716.6(1)(a)(1). The court polled the jury but the record shows only eleven jurors were asked if they agreed with the verdict.

Ruppe filed a motion for new trial. He claimed the verdict was not unanimous, the State did not prove venue, and the verdict was contrary to the

weight of the evidence. The court denied his motion for new trial. Ruppe was sentenced to terms of imprisonment not to exceed twenty-five years and ten years on the first two counts, to be served concurrently. Ruppe was sentenced to sixty days in jail on each of the other two counts, these two sentences to be served concurrently. The sentences on the first two counts are to be served consecutively to the sentences on the third and fourth counts. Ruppe appeals his convictions.

## II. Unanimous Jury

When the jury returned the verdict in this case, the district court individually polled the jury, but the record shows the court only questioned eleven jurors. Defense counsel did not bring this issue to the court's attention at a time the court could have corrected any problem. On appeal, Ruppe contends he received ineffective assistance because defense counsel did not object when the district court polled only eleven jurors about the verdict.

Ruppe's appellate brief admits, "[u]nder Iowa's current preservation structure, this issue was not properly preserved for appellate review." Under section 814.7, a court does not have authority to address a claim of ineffective assistance in a direct appeal. *State v. Rutherford*, 997 N.W.2d 142, 145 (Iowa 2023).

Ruppe asserts the issue could be addressed under the plain error rule. The Iowa Supreme Court has rejected the use of the plain error rule in Iowa. *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("We do not subscribe to the plain error rule in Iowa, have been persistent in rejecting it, and are not at all inclined to yield on this point."); *accord State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("We have repeatedly rejected plain error review and will not adopt it now."). We

are not at liberty to overrule supreme court precedent. *Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021). We do not address in this direct appeal Ruppe's claims regarding whether the verdict was given by a unanimous jury.

### III. Venue

Ruppe asserts the State did not adequately show the offenses occurred in Pottawattamie County.[1] "Sufficiency of the evidence claims are reviewed for corrections of errors at law." *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019).

In general, "[a] criminal action shall be tried in the county in which the crime is committed." Iowa Code § 803.2(1). Additionally, "[a]ll objections to venue are waived by a defendant unless the defendant objects thereto and secures a ruling by the trial court on a pretrial motion for change of venue." *Id.* § 803.2(3). Ruppe did not object to the venue in Pottawattamie County prior to the trial and, therefore, any objections on this issue have been waived. *See State v. Sierra-Rojas*, No. 18-0492, 2019 WL 480103, at \*4 (Iowa Ct. App. Feb. 6, 2019). Because Ruppe has waived the issue of venue, we do not further address this matter.

### IV. Motion for New Trial

Ruppe contends the district court abused its discretion by denying his motion for a new trial on the ground the verdict was contrary to the weight of the evidence. He claims the State did not prove he acted without justification. He

---

[1] The venue for a trial is a nonjurisdictional issue. *State v. Liggins*, 524 N.W.2d 181, 185 (Iowa 1994).

> Venue deals with convenience and location of the trial rather than the power of the court to decide an issue on its merits. A defendant must secure a ruling by the trial court before trial or the venue issue is waived. The State has the burden of proving venue by a preponderance of the evidence.

*Id.* (citations omitted).

points out Walker testified Ruppe rushed at him with a knife in his hand and Walker "immediately grabbed the knife." Ruppe asserts Walker's testimony supports his defense of justification.

A district court ruling on a motion for new trial on the grounds the verdict is contrary to the weight of the evidence is reviewed for an abuse of discretion. *State v. Krogmann*, 998 N.W.2d 141, 150 (Iowa 2023). "Our review is not to determine whether the verdict is contrary to the weight of the evidence but only to determine whether the district court abused its considerable discretion in denying the motion." *State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022). "This is a deferential standard, and we will not reverse the district court's ruling absent a 'clear and manifest abuse of discretion.'" *Id.* (quoting *State v. Neiderbach*, 837 N.W.2d 180, 216 (Iowa 2013)).

The district court ruled, "the evidence in this case was overwhelming, and the verdict was not contrary to the weight of the evidence." Ruppe admitted he slashed the tires of Walker's work van. He admitted he and Walker fought while Ruppe was armed with a knife. Walker sustained several lacerations. Events preceding and following the attack are captured by a video from a Ring doorbell, and the audio includes incriminating statements of the defendant threatening Walker. We determine the district court's ruling was not a manifest abuse of discretion.

We affirm Ruppe's convictions.

**AFFIRMED.**