**IN THE COURT OF APPEALS OF IOWA**

No. 24-1673
Filed December 3, 2025

**JAMES LEE MATHIAS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        An applicant appeals the denial of postconviction relief.  **AFFIRMED.**


        R.E. Breckenridge (argued) of Breckenridge Law P.C., Ottumwa, for

appellant.

        Brenna Bird, Attorney General, and Anagha Dixit (argued) and Linda J.

Hines (until withdrawal), Assistant Attorneys General, for appellee State.


        Heard at oral argument by Tabor, C.J., and Badding and Sandy, JJ.

**TABOR, Chief Judge.**

James Mathias argues that he was wrongly convicted of carrying guns on school grounds because his conduct was protected by the Second Amendment to the United States Constitution and article I, section 1A of the Iowa Constitution. But because he did not preserve error on this claim for postconviction relief (PCR), there is nothing for us to decide.

## I. Facts and Prior Proceedings

In 2017, during a high school football game, Mathias was wending his way through the parking lot, placing leaflets on car windshields. The lot was part of the Brady Street Athletic Complex, owned and operated by the Davenport Community School District. An off-duty police captain working security at the game approached Mathias and discovered he had a firearm tucked in his waistband. Because Mathias had a permit, the captain asked him to leave rather than arrest him. But after the captain conferred with the Scott County Attorney, the State charged Mathias with carrying a firearm on the grounds of a school in violation of Iowa Code section 724.4B (2017).[1]

At his jury trial, Mathias moved for judgment of acquittal arguing insufficient evidence that the parking lot fit the definition of school grounds. He also objected to jury instructions defining "grounds of a school" because neither the statute nor case law defined that phrase. The jury found Mathias guilty. He appealed.

On appeal, the supreme court found that the "'grounds of a school' can include school district-owned athletic facilities that are not part of or built on the

---

[1] Iowa Code section 724.4B prohibits the arming, carrying, or transporting of firearms on the grounds of a school, making it a class "D" felony.

land contiguous to the classroom building." *State v. Mathias*, 936 N.W.2d 222, 233 (Iowa 2019). Under this finding, the supreme court affirmed the conviction.

In 2020, Mathias, representing himself, filed a one-sentence "demand" for "postconviction relief on the basis of ineffective assistance of counsel." Mathias also filed a brief in support of that demand, alleging both trial and appellate counsel were ineffective in arguing the definition of school grounds in section 724.4B and by not challenging the statute as unconstitutionally vague. In February 2024, Mathias—through counsel—filed a supplemental PCR application, adding two claims to the pro se filings. At his hearing, he advanced essentially three claims: (1) prosecutorial misconduct and ineffective assistance of counsel relating to counsel's use of the phrase "safety demands" during arguments; (2) ineffective assistance of counsel for not contesting vagueness; and (3) a direct challenge to the constitutionality of the statute under the Second Amendment's right to keep and bear arms.

After the hearing, the district court denied relief. The court found the prosecutorial misconduct claim failed as a matter of law because it could have been raised on direct appeal. *See* Iowa Code § 822.8 (2020). As for the ineffective-assistance-of-counsel claims, the court found Mathias failed to show that either attorney breached an essential duty or that he was prejudiced by their alleged omissions. Finally, the court rejected the Second Amendment claim because the Iowa Supreme Court had decided the Brady Street Athletic Complex

constituted school grounds, which are "sensitive places" in which a state can regulate guns.[2]

On appeal, Mathias raises a single issue: did the district court err in failing to find ineffective assistance of counsel when his trial attorney did not argue that Iowa Code section 724.4B violated his constitutional right to carry a firearm?

## II. Analysis

As the State contends, we can begin and end our analysis with error preservation. Mathias failed to preserve error because his PCR application did not use ineffective assistance of counsel as the vehicle to advance his gun-rights claim. Instead, he directly attacked the statute's constitutionality. The State claims Mathias cannot shift gears on appeal to frame his gun-rights claim as faulty representation by counsel. As the State's attorney insisted during oral argument, it matters how Mathias presented the claim.

In response, counsel for Mathias defended error preservation at oral argument. He suggested that because the district court rejected the direct constitutional challenge, it would have also rejected the corresponding ineffective-assistance claim because trial counsel has no obligation to raise a meritless claim. *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

We do not find Mathias's argument convincing. "Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court." *State v. Rutledge*, 600 N.W.2d 324, 325

---

[2] Citing *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 28 (2022), the district court wrote that it was "inclined to view the modern epidemic of school gun violence as one of the 'various crises of human affairs' to which the Second Amendment can 'be adapted.'"

(Iowa 1999). In Mathias's PCR trial, he separated his gun-rights claim from his allegations of ineffective assistance of counsel. In its ruling, the district court also addressed that constitutional challenge as a freestanding claim. But in this appeal, Mathias couches the challenge as ineffective assistance of counsel. Because this is not how Mathias presented the issue at trial nor how the district court decided it, there is no ineffective-assistance ruling regarding his gun-rights claim to review. With nothing to review, we cannot reach the merits of the claim.

**AFFIRMED.**