# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-2110
Filed April 15, 2026

———————————

**In the Interest of J.W., Minor Child,**

**N.W., Father,**
Appellant.

———————————

Appeal from the Iowa District Court for Greene County,
The Honorable Ashley Beisch, Judge.

———————————

**AFFIRMED**

———————————

Joel Baxter of Baxter & Wild Law Office, PC, Guthrie Center, attorney for
appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Tonya A. Oetken of Oetken Law Firm, Inc., Ankeny, attorney and guardian
ad litem for minor child.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

The father[1] challenges the termination of his parental rights to J.W., born in 2022. He challenges the juvenile court's findings that (1) the statutory grounds have been met, (2) termination is in the child's best interests, (3) a permissive exception should not be applied, and (4) an adverse inference should be drawn from the father's invocation of the Fifth Amendment. Upon our review, we affirm the termination of the father's parental rights.

## BACKGROUND FACTS AND PROCEEDINGS

The family came to the attention of the Department of Health and Human Services (HHS) in early September 2024. During this time, the father was the primary caregiver of J.W. and her younger brother R.W. The mother worked during this time.

The Greene County Sheriff's Office and medical personnel were dispatched to the family home after the father called 911. He reported R.W. was bleeding from the mouth, cold to the touch, and not breathing. Deputies found the child unresponsive in the home and determined the child was deceased. The autopsy revealed substantial head injuries, rib fractures, and a variety of other injuries. The cause of death was determined to be blunt force trauma to the head. The father told authorities these injuries came from J.W. throwing a toy at her brother's head. Both HHS and Greene County law enforcement began an investigation into the circumstances of R.W.'s death.

J.W. was removed from the home, and the State filed a petition alleging her to be a child in need of assistance (CINA). The petition alleged grounds

---

[1] The mother's parental rights were not terminated.

under Iowa Code section 232.96A(2) and 232.96A(3)(b) (2024). The juvenile court found the State proved those grounds by clear and convincing evidence and adjudicated the child to be a CINA.

In December 2025, the State charged the father with first-degree murder and child endangerment resulting in the death of R.W. He was also charged with domestic abuse assault by strangulation of the mother. The juvenile court granted concurrent jurisdiction and changed the permanency goal to termination of the father's parental rights.

The mother filed for dissolution of marriage where she was granted sole legal custody and physical care of the child by the district court in the dissolution of marriage case. And during an August 2025 permanency hearing, the State, guardian ad litem, and the mother asked the juvenile court to instruct the State to file a petition to terminate the father's parental rights. The juvenile court granted concurrent jurisdiction and changed the permanency goal to termination of the father's parental rights. The father requested (1) a six-month extension prior to a termination petition being filed or (2) alternatively allowing the district court's visitation order from the dissolution case to go into effect. The juvenile court denied those requests and ordered the State to file a petition to terminate the father's parental rights.

In December 2025, the State charged the father with first-degree murder and child endangerment resulting in the death of R.W. He was also charged with domestic abuse assault by strangulation of the mother. And the State filed a petition to terminate the father's parental rights on August 6, 2025. The petition alleged grounds for termination under Iowa Code section 232.116(1)(a), (e), (h), (j), and (n) (2025). A termination hearing was held in November 2025. The juvenile court then granted the State's petition finding

the State proved the grounds under Iowa Code section 232.116(1)(h) by clear and convincing evidence. But the juvenile court found the State had not proven any other alleged ground. The father appeals.

## STANDARD OF REVIEW

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give weight to the juvenile court's fact findings, "particularly with respect to credibility determinations." *Id.*

## DISCUSSION

Our review follows a three-step analysis in reviewing the termination of a parent's rights. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, we consider whether statutory grounds for termination of the parent's rights exist under Iowa Code section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* The father challenges all three steps, and we address each in turn. Additionally, the father argues the juvenile court erred in drawing an adverse inference because he invoked his Fifth Amendment Rights.

### I. Statutory Grounds

First, the father challenges the sufficiency of the evidence supporting statutory grounds for termination under Iowa Code section 232.116(1)(h). The court may terminate parental rights under this section if it finds:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

We find the first three elements are easily met in this case. First, J.W. was born in 2022 and was three or younger at the time of termination. Second, the child was adjudicated as a CINA under Iowa Code section 232.96A(2) and 232.96A(3)(b). Third, the child has been continuously removed from parental custody since September 2024.

Then we must address the father's contention that the State failed to prove by clear and convincing evidence that the child could not be returned to his custody at the time of trial. We find his argument unpersuasive. The child could not have been returned to the father's custody at the time of trial because he was detained pending criminal trial for first-degree murder and child endangerment resulting in death. *See In re M.C.*, No. 18-0875, 2018 WL 6418760, at *2 (Iowa Ct. App. Dec. 5, 2018); *In re A.A.*, No. 10-0848, 2010 WL 4905884, at *3 (Iowa Ct. App. Nov. 24, 2010). Accordingly, we find the State has proven the alleged ground for termination under Iowa Code section 232.116(1)(h) by clear and convincing evidence.

## II.    Best Interests

Next, the father challenges the juvenile court's determination that termination was in the child's best interests. When determining best interests, we give primary weight to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the

physical, mental, and emotional conditions and needs of the child." Iowa Code § 232.116(2). All factors weigh in favor of terminating the father's parental rights.

First, in considering the child's safety, we may consider, "[w]hether the parent's ability to provide the needs of the child is affected by the parent's mental capacity or mental condition or the parent's imprisonment for a felony." *Id.* § 232.116(2)(a). Here, the father's continued incarceration status weighs in favor of termination. Additionally, the juvenile court found the child has been struggling emotionally during visits with the father. So, we find the father is unable to provide for the needs of the child. *See id.*

Then, we must look at the child's long-range as well as immediate interests. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). "This requires considering what the future holds for the child if returned to the parents." *Id.* When making this decision, we look at the father's past performance because it may indicate the quality of care he is capable of providing in the future. *Id.* Here the facts surrounding the death of R.W. and the father's resulting criminal charges are of upmost concern to our best interests analysis. *See M.C.*, 2018 WL 6418760, at *4 ("Most concerning, at the time of the termination, both parents were awaiting trial for child endangerment resulting in the death of a child."). Additionally, we are concerned by the allegation that the father committed domestic abuse by strangulation. *See In re T.B.M.*, No. 25-1476, 2025 WL 3471267, at *2 (Iowa Ct. App. Dec. 3, 2025) (finding termination was in the child's best interests when there has been domestic violence in the home). We find termination is in the child's best interests.

## III. Permissive Exception

Next, the father claims the juvenile court should have applied an exception to termination found in section 232.116(3). Specifically, he alleges the exceptions for placement with a relative under section 232.116(3)(a) and parent-child bond under 232.116(3)(c). We find neither should be applied here.

First, it is true that the child's legal custody remains with the mother. But it is also true the parents have a tumultuous relationship. And there is credible evidence that the mother has been subjected to domestic abuse by the father. Our review is controlled by consideration of the child's best interests. *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). And when termination is in the child's best interests, it may not be usurped by the ability of a relative to take the child. *Id.* So, we find the application of this exception is unwarranted.

Second, we find there is not "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See* Iowa Code § 232.116(3)(c). The child and father have had limited contact since his incarceration—occasional twenty to thirty-minute video visits. And the juvenile court found the child has emotional struggles and emotional regression during these visits. That alone is sufficient reason not to grant this exception. Section 232.116(3)(c) only applies if clear and convincing evidence shows "that, on balance, [the closeness of the parent-child] bond makes termination more detrimental than not." *See In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021).

The evidence here weighs in favor of termination, not a permissive exception. So, we find the father has not met his burden to prove one should be applied. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (noting the parent

seeking to avoid termination under section 232.116(3) bears the burden of proof).

## IV.    Fifth Amendment

Finally, the father argues that the juvenile court erred in its use of adverse inferences in its termination order drawn from the father's invocation of the Fifth Amendment at the termination trial. We disagree.

He argues, "The Court's extensive findings regarding the father's responsibility for R.W.'s death appear to heavily rely on circumstantial evidence and negative inferences, rather than direct admissions or convictions." The father and the State agreed the father could blanketly invoke the Fifth Amendment instead of invoking it on a question-by-question basis. In fact, when asked about the inference directly the father's attorney stated, "And as far as the inference is concerned, I think that it's permissible. He has invoked the right, and any inference that the Court determines is appropriate to draw is appropriate to take from that." That agreement alone is fatal to the father's argument on appeal. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court.").

Additionally, the father does not cite any authority to support his theory that the juvenile court misused the adverse inferences, so we conclude he has waived his claims. *See In re A.V.*, No. 23-1916, 2024 WL 1757554, at *5 (Iowa Ct. App. Apr. 24, 2024) ("Without developing how the facts in this record support [his] position or citing legal authority, we find that this argument is waived.").

## CONCLUSION

Upon our de novo review, we find there is clear and convincing evidence to support the grounds for termination, and we further find termination is in the child's best interests. We also find that the father has not met his burden to show a permissive exception is appropriate in this case. Last, we reject the father's constitutional argument. So, we affirm the termination of the father's parental rights.

**AFFIRMED.**