# IN THE COURT OF APPEALS OF IOWA

No. 17-0856
Filed July 5, 2018

**JAMIE LEE COLE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Andrea J. Dryer,

Judge.

James Lee Cole appeals the denial of his application for postconviction

relief. **AFFIRMED.**

John J. Sullivan of Sullivan Law Office, Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney

General, for appellee State.

Considered by Danilson, C.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MAHAN, Senior Judge.**

James Lee Cole appeals the denial of his application for postconviction relief (PCR), contending his Buchanan County plea counsel was ineffective for failing to continue sentencing until "Cole's eligibility to participate in the 321J program"[1] on a plea to a charge in Delaware County was determined.

Because an ineffectiveness claim has as its basis the Sixth Amendment, our review is de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

The claim raised on appeal was not raised below and, therefore, is not properly before us. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must normally be both raised and decided by the district court before we will decide them on appeal."); *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court.").

In his PCR application, Cole asserted his plea counsel "fail[ed] to properly advise Cole during the plea negotiation process and sentencing." He also alleged he pled guilty in Buchanan County based on a "promise" that he would complete the 321J program in a work-release facility. The district court rejected the allegations. On our de novo review, we conclude the record belies Cole's claim that such a promise existed or that counsel failed to properly advise him.

Cole entered an *Alford* plea to operating while intoxicated (OWI), third offense, in Buchanan County, and the State agreed it would recommend that the

---

[1] The "321J program" to which Cole refers is an OWI residential treatment program available to certain offenders upon the department of corrections' determination that such a program is appropriate. *See* Iowa Code §§ 321J.2(5)(a)(1), 904.513(1)(a), .513(1)(b)(1) (2015).

sentence imposed would run concurrently to the sentence imposed upon Cole in Delaware County. While the record shows Cole believed his Delaware County plea would result in his going to a 321J program, his Buchanan County plea counsel made it clear that sentencing result was not guaranteed. The prosecutor agreed only that the State would recommend the sentence in Buchanan County would run concurrent with the Delaware County sentence. Moreover, the district court was not bound by the parties' recommendations, but the court did impose a sentence in Buchanan County that was to run concurrent to the sentence imposed in Delaware County.

To establish an ineffective-assistance-of-counsel claim, an applicant must show both that (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *Clay*, 824 N.W.2d at 495. Because Cole has failed to show plea counsel breached an essential duty, his ineffectiveness claim fails. *See id.* at 494. We affirm the denial of postconviction relief.

**AFFIRMED.**