**STATE of Iowa, Appellant,**

v.

**James (NMN) ROBINSON, Appellee.**

**No. 92–1832.**

Supreme Court of Iowa.

Oct. 20, 1993.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kimberly A. Griffith, Asst. County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LAVORATO, Justice.

In this discretionary review the State challenges a district court order severing the charge on two alleged deliveries of a controlled substance for separate trials. We find that the district court applied an incorrect legal standard in ruling on the defendant's motion to sever. We reverse and remand so the court can consider the motion in light of the correct legal standard.

The minutes of testimony attached to the trial information reveal the following. An undercover informant wearing a body transmitter succeeded in buying 2.60 grams of crack cocaine from James Robinson for $300. During this encounter Robinson agreed to supply the informant with additional cocaine at a reduced price "for bringing [Robinson] all the business." Two days later the pair met again at the same location. This time the informant purchased 4.42 grams of cocaine from Robinson for $500.

Robinson was arrested and charged in a three-count trial information. In Count I, the pertinent count for this appeal, the State charged Robinson with delivery of five or more grams of a controlled substance (cocaine base). See Iowa Code § 204.401(1)(b) (1991). (Chapter 204 was transferred in its entirety to chapter 124 in the 1993 Code. All references here are to chapter 204, in effect at the time this prosecution arose.) In Count I the State combined the weights of the two cocaine deliveries—2.60 grams and 4.42 grams—to satisfy the five gram threshold requirement. See Iowa Code § 204.401(2).

The Code classifies delivery of five or more grams of a controlled substance as a class B felony. A class B felony carries a penalty of (1) an indeterminate prison term of not more than twenty-five years, and (2) a fine of not less than five thousand dollars and not more than one hundred thousand dollars. See Iowa Code §§ 902.9(1), 204.401(1)(b).

Had the State charged each delivery in separate counts, Robinson would have been subject to conviction for two independent class C felonies. A class C felony carries a penalty of (1) an indeterminate prison term not to exceed ten years, and (2) a fine of not less than one thousand dollars and not more than fifty thousand dollars. See Iowa Code §§ 902.9(3), 204.401(1)(c).

Robinson filed a combined motion entitled "Motion for Dismissal of Trial Information /Severing of Charges/Separate Trials/and Adjudication of Law Points." The State resisted the motion. After a hearing on the motion, the district court ordered the State to proceed with Count I, delivery of a cocaine base, only as it relates to one of the two alleged delivery dates.

The State sought discretionary review of this ruling, which we granted in a single justice ruling.

■ The State claims the district court applied an incorrect legal standard in reaching its decision. Our review is therefore for legal error. Iowa R.App.P. 4; *Walters v. Herrick*, 351 N.W.2d 794, 796 (Iowa 1984). If we find an incorrect legal standard was

applied, we remand for new findings and application of the correct standard. *Id.*

In its ruling the district court recited Iowa Code section 204.401(2) and Iowa Rule of Criminal Procedure 6(1) verbatim. Section 204.401(2) provides:

> If the same person commits two or more acts which are in violation of subsection 1 [intentional manufacture, delivery or possession of a controlled substance] and the acts occur in approximately the same location or time period so that the acts can be attributed to *a single scheme, plan, or conspiracy, the acts may be considered a single violation and the weight of the controlled substances,* counterfeit substances, or simulated controlled substances *involved may be combined for purposes of charging the offender.*

(Emphasis added.)

Under Iowa Rule of Criminal Procedure 6(1)

> [t]wo or more public offenses which arose from the same transaction or occurrence *or from two or more transactions or occurrences constituting parts of a common scheme or plan* may be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

(Emphasis added.) The italicized language, added by a 1983 amendment, significantly expanded the rule. *See State v. Lam,* 391 N.W.2d 245, 249 (Iowa 1986).

After reciting the foregoing statute and rule, the district court ruling continues:

> *State v. Bair,* 362 N.W.2d 509 (Iowa 1985) requires a test of interrelated events for determining whether multiple charges should be joined. The test requires commonality of time, place, and circumstance. If either offense can be proven with omission to any reference of the other, then the crime should not be joined. The court concludes that there is no commonality of time, place, and circumstance sufficient to warrant a joinder of the January 6 alleged offense with the January 8 alleged offense such as would support an aggregation of

weight under Section 204.401(2) of the Code.

> Defendant's Motion to Sever the January 6 event from the January 8 event is granted.

■ There are two problems with the district court's analysis. First, Iowa Rule of Criminal Procedure 6(1) does not apply. Rule 6 applies to *charges* that may be alleged in separate counts in the same trial information. Here the question is whether the two deliveries may be considered as one single violation for the purpose of a *single charge.* As to that question, Rule 6(1) is irrelevant. The relevant law is Iowa Code section 204.-401(2), and, more specifically, the "single scheme, plan, or conspiracy" language in that section.

Second, in *Bair,* this court was dealing with the question of whether two robberies committed within hours of each other could be charged in the same trial information under Rule 6(1). This court noted that the 1983 amendment to Rule 6(1) liberalized the rule but that the amendment did not apply to the case being considered. *State v. Bair,* 362 N.W.2d 509, 511 (Iowa 1985).

The version of Rule 6(1) before the court in *Bair* provided:

> *Multiple Offenses.* When the conduct of a defendant may establish the commission of more than one public offense *arising out of the same transaction or occurrence,* the defendant may be prosecuted for each of such offenses. Each of such offenses may be alleged and prosecuted as separate counts within a single complaint, information or indictment, unless for good cause shown, the trial court in its discretion determines otherwise.

(Emphasis added.) "Arising out of the same transaction or occurrence" was the critical language in old Rule 6(1). In *Bair,* this court held that two charges arise out of the same transaction or occurrence when the crimes are so linked in time, place, and circumstances that "the facts of each charge can be explained adequately only by drawing upon the facts of the other charge." *Bair,* 362 N.W.2d at 512. This court went on to hold that either crime could have been prov-

en with the entire omission of any reference to the other and, for that reason, severance should have been ordered. *Id.*

In *Bair,* this court observed that several of the events surrounding the two robberies were so interrelated that they might qualify as a "common scheme or plan" under amended Rule 6(1). *Id.* Implicit in this observation, of course, is that amended Rule 6(1) is broader in scope.

A year later we confirmed this observation. *See Lam,* 391 N.W.2d at 249. In *Lam* we pointed out that under amended Rule 6(1) a joinder of offenses is permissible when the offenses charged are based on (1) the same transaction or occurrence, or (2) a common scheme or plan. *Id.* We construed "a common scheme or plan" as requiring "that all offenses charged must be products of a single or continuing motive." *Id.* at 250.

That brings us to what happened in this case. The district court applied the test for the "same transaction or occurrence" requirement in old Rule 6(1). In doing so, the district court applied an incorrect legal standard. The court should have focused on the language "single scheme, plan, or conspiracy" in section 204.401(2).

Because the district court applied an incorrect legal standard, we must reverse and remand to allow the district court to consider the defendant's motion to sever in light of the language "single scheme, plan, or conspiracy" in section 204.401(2). Given the record in this case, we think the controlling words in section 204.401(2) are "single conspiracy." These words simply mean one mutual understanding or agreement to commit a crime. Applying this meaning to the record, we think the issue is whether *both* drug transactions emanated from a prior understanding or agreement between Robinson and the informant that the informant would bring all his business to Robinson in return for a reduced price. If the district court so finds, then the two drug transactions can be aggregated; otherwise, they cannot be. If the facts on this issue are in dispute, the district court may have to wait until a motion for judgment of acquittal at trial to decide it. We express no opinion as to what the ultimate outcome on remand should be.

REVERSED AND REMANDED WITH DIRECTIONS.