**STATE of Iowa, Plaintiff–Appellee,**

v.

**Jose Abel GARCIA, Defendant–Appellant.**

No. 08–1523.

Court of Appeals of Iowa.

July 14, 2010.

Merrill C. Swartz of The Swartz Law Firm, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Jennifer Miller, County Attorney, and James S. Sheetz, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and EISENHAUER and MANSFIELD, JJ. TABOR, J., takes no part.

EISENHAUER, J.

While executing a search warrant on vehicles in an apartment building's parking lot on the evening of March 27, 2008, deputies encountered Jose Garcia and asked for identification. Garcia provided a California identification card with the name Jose Abel Garcia and a birth date of 05/24/1984. Dispatch informed the deputies the identification number on the card matched a female living in California. When this information was relayed to Garcia, he stated "it was not a real ID," and he had bought the card from a third party. Garcia also provided inconsistent birth date and age information to the officers. Garcia was arrested and, during transportation to the jail, admitted he was in the country illegally and did not have a social security number.

After a trial on the minutes of testimony, Garcia was convicted of one count of forgery and one count of identity theft. Garcia appeals his identity theft conviction.

■ Garcia makes two arguments, both claiming the district court erred by using the wrong standard to convict him. We review for legal error. *State v. Robinson,* 506 N.W.2d 769, 770 (Iowa 1993). "If we find an incorrect legal standard was *applied,* we remand for new findings and application of the correct standard." *Id.* at 770–71 (emphasis added).

■ Garcia's first claimed error concerns the "intent" element of identity theft. The district court listed the elements:

(1) On or about March 27, 2008, defendant obtained identification information of a female resident of the state of California;

(2) At that time [defendant] intended to obtain a benefit by defrauding someone; and

(3) Defendant used that identification information to obtain a benefit.

The State admits this language is "possibly problematic," because it tracks the wording of the originally-enacted identity theft statute: "the person with the intent to obtain a benefit *fraudulently obtains* identification information of another person." Iowa Code § 715A.8(2) (2000) (emphasis added). The original crime focused on a defendant's intent on the date the identification information was *obtained.*

In contrast, after amendment in 2003,[1] the statute now focuses on a defendant's intent at the time of *fraudulent use*:

A person commits the offense of identity theft if the person fraudulently uses or attempts to fraudulently use identification information of another person, with the intent to obtain credit, property, services, or other benefit.

Iowa Code § 715A.8(2) (2007). We find no error, however, because even though the court listed the pre-amendment elements, it *applied* the post-amendment elements in finding Garcia guilty. *See Robinson,* 506 N.W.2d at 770 (stating court will remand if incorrect standard applied). The district court ruled:

It is clear beyond a reasonable doubt that on March 27, 2008 in Marshall County, Iowa ... [Garcia] attempted to fraudulently use the information contained on the identification card belonging to a female resident of the state of California by presenting that card to a police officer as evidence of his legal status.

■ Next, relying on *Flores–Figueroa v. United States,* — U.S. —, —, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), Garcia argues the court erred in failing to require the State prove he knew the identification he used belonged to another person. We disagree. The statute the *Flores* court was construing, 18 U.S.C. section 1028A(a)(1),[2] does not contain the same language as Iowa's identity theft statute and the differences in wording compel a different result.

Iowa's statute makes it a crime if a person "fraudulently uses or attempts to fraudulently use identification information

---

**1.** 2003 Iowa Acts ch.49, § 1.

**2.** The federal statute states: "knowingly ... uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). "[C]ourts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element."

*Flores–Figueroa,* — U.S. at —, 129 S.Ct. at 1891, 173 L.Ed.2d at 859. Therefore, the term "knowingly" applies to all subsequent terms, including "another person." *Id.* at —, 129 S.Ct. at 1888, 173 L.Ed.2d at 856. To be convicted, the defendant must know the identification belonged to a real person. *Id.*

of another person." Iowa Code § 715A.8(2). Consequently, the State only has to establish the "identification information" was of "another person" and it was used "fraudulently" by Garcia. A "fraudulent" use requires Garcia know his use was illegitimate, but does not require him to know the identification was of another person.

Finding no error in the legal standards applied by the district court, we affirm Garcia's conviction for identity theft.

**AFFIRMED.**