# IN THE SUPREME COURT OF IOWA

No. 19–1697

Submitted October 15, 2020—Filed December 23, 2020

**STATE OF IOWA,**

Appellee,

vs.

**PATRICK J. BARRETT JR.,**

Appellant.

Appeal from the Iowa District Court for Cass County, Jeffrey L. Larson, Judge.

The defendant appeals the denial of a motion for new trial following the court of appeals ruling that the defendant should have been provided exculpatory medical records under Iowa Code section 622.10(4). **REVERSED AND REMANDED.**

McDermott, J., delivered the opinion of the court, in which all participating justices join. Christensen, C.J., took no part in the consideration or the decision of the case.

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy (argued), Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven (argued), Assistant Attorney General, and Vanessa E. Strazdas, County Attorney, for appellee.

**McDERMOTT, Justice.**

The State charged Patrick Barrett with sexual abuse of a child. Barrett requested the child's privileged mental health and counseling records to use in his defense to the charges. The district court privately reviewed the requested records without the parties present as required by statute, but determined the records contained no exculpatory information and thus denied the request. At trial, a jury convicted Barrett of sexual abuse in the second degree. Barrett appealed. The court of appeals held that the child's mental health and counseling records should have been provided to Barrett before the trial because they contained exculpatory information. It remanded the case for the district court to decide whether Barrett's inability to review and use the records required a new trial.

The district court on remand analyzed the new trial decision under a standard typically used when a defendant claims evidence was contrary to the weight of the evidence, asking whether the evidence "carries sufficient weight so as to make the jury's guilty verdict contrary to the collective evidence." *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (adopting the weight-of-the-evidence standard). Answering no, the district court denied the motion for new trial. But the district court also referenced potential other new trial standards in its analysis.

This is our first case analyzing the standard for new trial determinations after a finding that exculpatory medical records were erroneously undisclosed under Iowa Code section 622.10(4)(*a*). In this appeal, Barrett contends that the district court applied the incorrect standard in analyzing whether to grant the motion for new trial and denied the motion for new trial in error.

I.

Iowa Code section 622.10 generally prevents a mental health professional from disclosing "any confidential communication properly entrusted to the person in the person's professional capacity" associated with the patient's treatment. Iowa Code § 622.10(1) (2016). The statute specifically forbids disclosing these records to a defendant in a criminal action, with two exceptions.

The first exception (not at issue in this case) requires a showing that the holder of the privilege voluntarily waived the confidentiality privilege. *Id.* § 622.10(4)(*a*)(1). The second exception requires the defendant to

> file[] a motion demonstrating in good faith a reasonable probability that the information sought is likely to contain exculpatory information that is not available from any other source and for which there is a compelling need for the defendant to present a defense in the case.

*Id.* § 622.10(4)(*a*)(2)(a). If the defendant satisfies the threshold showing for the second exception, the district court must review the records in camera (privately, without the parties present) to determine whether the records contain exculpatory information. *Id.* § 622.10(4)(*a*)(2)(b). If the court determines from its review that the records contain exculpatory information, the court must then "balance the need to disclose such information against the privacy interest of the privilege holder." *Id.* § 622.10(4)(*a*)(2)(c). If the court finds the balance tilts in favor of disclosure, the portions of the records containing exculpatory information must be disclosed to the defendant and counsel. *Id.* § 622.10(4)(*a*)(2)(d).

Barrett filed a motion seeking the child's mental health and counseling records. The district court reviewed the records in camera, but determined that the records didn't contain exculpatory information and, thus, denied Barrett's motion. Barrett's initial appeal followed his

conviction and challenged the district court's denial of his motion seeking the records.

The court of appeals reviewed the mental health and counseling records and, pinpointing the records containing exculpatory information, held that the district court had abused its discretion in concluding the records contained no exculpatory information. *State v. Barrett*, No. 17–1814, 2018 WL 6132275, at *3 (Iowa Ct. App., Nov. 21, 2018). It remanded the case and directed that, after the district court disclosed the exculpatory records to the parties, the district court "shall consider whether new trial is necessary." *Id.*

On remand, the district court gave the parties the opportunity to review and then brief the significance of the records that the court of appeals ordered disclosed. In its analysis, the district court primarily invoked the standard we apply for new trial motions based on claims the conviction was contrary to the weight of the evidence. The district court stated that, under that weight-of-the-evidence standard, we have analyzed whether the verdict was "contrary to the law or evidence," or more precisely, whether "a greater amount of credible evidence supports one side of an issue or cause than the other." *See State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003); *Ellis*, 578 N.W.2d at 656, 658. The district court further noted courts should grant a new trial under this standard only in "exceptional circumstances."

In its findings and conclusions, the district court wrote:

> The present consideration of whether new trial should be granted hinges on whether the exculpatory evidence carries sufficient weight so as to make the jury's guilty verdict contrary to the collective evidence. If it does not, then the motion for new trial should be denied. . . . Defendant's motion does not, however, make any arguments as to how this evidence is contrary to the verdict, or how the evidence exculpates defendant, or how this new evidence would

probably change the outcome of the trial. This court in its review of the record, nevertheless, finds no evidence that would probably have changed the outcome of the trial. The nondisclosure was indeed harmless, and even if the jury had the exculpatory evidence, it would not alter the weight of the evidence insofar as to grant a new trial.

The district court further found that nothing in the evidence created an "exceptional circumstance" because "each of the points were either already addressed during trial or do not carry enough weight sufficient to grant a new trial." While finding the exculpatory evidence "credible," it nonetheless found it insufficient to support "an alternative verdict." Because it concluded the verdict was not "contrary to the law or evidence," the district court denied the motion for new trial.

## II.

Barrett in this appeal contends that the district court applied an incorrect standard in ruling on his new trial motion and erroneously denied it. Although we've addressed appeals involving privileged medical records under section 622.10(4) on several occasions, this is the first appeal that squarely requires us to decide the appropriate standard for a new trial determination after a district court fails to order production of exculpatory medical records.

But this terrain isn't completely untrodden. In *State v. Neiderbach*, the district court denied a defendant's motion for an in camera review of privileged mental health records requested under Iowa Code section 622.10(4)(*a*). 837 N.W.2d 180, 198 (Iowa 2013). We held on appeal that the district court had erred and remanded the case for the district court to conduct the in camera review of the medical records. *Id.* We said that if the district court found that the records contained exculpatory evidence and met the other requirements of section 622.10(4)(*a*)(2), it must then determine whether the defendant was entitled to a new trial. *Id.* In a

footnote, we briefly discussed similarities between the multistep process involved in remands to district courts under section 622.10(4) and situations in which prosecutors failed to produce to defendants exculpatory evidence in the prosecutors' hands, commonly referred to as "*Brady* violations" in reference to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). *Id.* at 198 n.3. The United States Supreme Court in *Brady* held that due process required the prosecution to disclose exculpatory evidence to the accused in criminal cases. *Brady*, 373 U.S. at 87–88, 83 S. Ct. at 1197–98. Some of our other cases addressing medical record disclosure requirements under section 622.10(4) have likewise referenced *Brady* considerations. *See, e.g.*, *State v. Leedom*, 938 N.W.2d 177, 188 (Iowa 2020); *State v. Thompson*, 836 N.W.2d 470, 485, 487 (Iowa 2013).

To establish a *Brady* violation, a defendant must prove that the prosecution suppressed evidence, the evidence was favorable to the defendant, and the evidence was material to the determination of guilt. *DeSimone v. State*, 803 N.W.2d 97, 103 (Iowa 2011). The materiality element requires a counterfactual inquiry. The defendant must establish that there exists "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *DeSimone*, 803 N.W.2d at 105 (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985)). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Bagley*, 473 U.S. at 682, 105 S. ct. at 3383).

Barrett, citing to a different line in our footnote in *Neiderbach*, asks us to impose a "harmless beyond a reasonable doubt" standard for the new trial determination. 837 N.W.2d at 198 n.3. We generally apply a harmless-error standard—meaning that reversal of a conviction or ruling isn't required if the error was "harmless beyond a reasonable doubt"—

when assessing certain constitutional errors in criminal cases. *See, e.g., State v. Simmons*, 714 N.W.2d 264, 275 (Iowa 2006); *State v. Hensley*, 534 N.W.2d 379, 382–83 (Iowa 1995). The harmless-error test presents a lower threshold for granting a new trial than either the materiality standard in *Brady* or the weight-of-the-evidence standard.

The harmless-error test reference in the *Neiderbach* footnote that Barrett cites was part of a quote from *Pennsylvania v. Ritchie,* 480 U.S. 39, 58, 107 S. Ct. 989, 1002 (1987), in which the Supreme Court found a due process violation based on confidential records alleged to contain exculpatory information that were withheld from the defendant. Quoting *Ritchie,* we noted that the defendant was to receive a new trial if the records "contain[] information that probably would have changed the outcome of his trial." *Neiderbach,* 837 N.W.2d at 198 n.3 (alteration in original) (quoting *Ritchie,* 480 U.S. at 58, 107 S. Ct. at 1002). Conversely, if the records "contain no such information, or if the nondisclosure was harmless beyond a reasonable doubt, the lower court will be free to reinstate the prior conviction." *Id.* (quoting *Ritchie,* 480 U.S. at 58, 107 S. Ct. at 1002). Perhaps confusingly, *Ritchie* referenced both *Brady*'s materiality standard (reasonable probability that the result would have been different) and a harmless-error standard in the same discussion.

The United States Supreme Court in other cases has rejected materiality standards for *Brady* violations resembling harmless-error analysis based on concerns such a standard would impel prosecutors to open their files to defendants unnecessarily simply for fear of having a conviction reversed on appeal. *See Bagley,* 473 U.S. at 680, 105 S. Ct. at 3382; *United States v. Agurs,* 427 U.S. 97, 108–09, 96 S. Ct. 2392, 2399– 400 (1976). But on the other hand, the lower thresholds for materiality under *Brady* (as opposed to, for example, a weight-of-the-evidence

standard) are calibrated to urge prosecutors to err on close calls on the side of disclosure. *See Kyles v. Whitley*, 514 U.S. 419, 439, 115 S. Ct. 1555, 1568 (1995). With *Brady* information, prosecutors "anxious about tacking too close to the wind will disclose a favorable piece of evidence," which "is as it should be." *Id.*

But with victims' mental health records, Iowa Code section 622.10(4) recognizes a heightened interest in protecting victims by limiting the disclosure. *See Thompson*, 836 N.W.2d at 489. The statute provides that decisions about required disclosures of a third party's medical records are determined by the court, not the prosecutor. *See* Iowa Code § 622.10(4)(*a*)(2)(b). And the statute doesn't indicate a policy preference, as for prosecutors with *Brady* information, for courts to err on the side of disclosure of victims' mental health records.

But in most other respects, the erroneous withholding of records under section 622.10(4) parallels *Brady* disclosure violations. Both a *Brady* disclosure violation and an improper withholding of records under section 622.10(4) involve helpful evidence to which the accused had a right not only to use at trial but also to use in strategizing a defense to the State's charges more generally. Both types of violations thus take us beyond erroneous evidentiary rulings, which deny the defendant an opportunity to present admissible evidence at trial. With both types of violations, the defendant is deprived not simply of an opportunity to introduce the evidence at trial, but even to know of its existence, hamstringing the accused's trial preparation and strategy more broadly. This similarity in harms between *Brady* violations and section 622.10(4) errors provides a useful rationale for applying a similar standard.

We're also mindful, particularly in light of the balancing test required under Iowa Code section 622.10(4)(*a*), not to judicially readjust

the increased consideration given to confidentiality interests in the legislature's enactment of section 622.10(4). As we've discussed in *Thompson* and elsewhere, the procedure put in place by section 622.10(4) came in response to our opinion in *State v. Cashen* and the more expansive rights it granted to defendants to access a third party's medical records. *See Thompson*, 836 N.W.2d at 489; *State v. Cashen*, 789 N.W.2d 400, 407–10 (Iowa 2010), *superseded by statute*, 2011 Iowa Acts ch. 8, § 2 (codified at Iowa Code § 622.10 (2011 Supp.)). The dissent in *Cashen* expressed fear that the procedure it put in place afforded the accused "more power than necessary to protect the right to a fair trial, while presenting a serious risk of a different form of abuse for victims of domestic violence." *Cashen*, 789 N.W.2d at 411 (Cady, J., dissenting). Iowa Code section 622.10(4) is the legislature's attempt to redraw the balance in "an area of the law that deals with the clash of two of the most compelling and venerable interests known to the law." *Thompson*, 836 N.W.2d at 481 (quoting *Cashen* 789 N.W.2d at 411). Imposing too low a threshold for new trials invites some risk of predisposing district courts toward too freely ordering production of privileged medical records.

When exculpatory documents are erroneously withheld under Iowa Code section 622.10(4), courts should apply the materiality standard in *Brady* to resolve whether a defendant is entitled to a new trial. Under this standard, the court asks whether there exists "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *DeSimone*, 803 N.W.2d at 105 (quoting *Bagley*, 473 U.S. at 682, 105 S. Ct. at 3383). This analysis requires the court "to assess the possible effects nondisclosure had on trial preparation and strategy, not merely the weight of the evidence." *Id.* Courts must examine whether the exculpatory evidence "could reasonably

be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Harrington v. State,* 659 N.W.2d 509, 523 (2003) (quoting *Strickler v. Greene,* 527 U.S. 263, 290, 119 S. Ct. 1936, 1952 (1999)).

The district court applied a weight-of-the-evidence standard, weighing the undisclosed exculpatory evidence against the trial evidence in an attempt to determine whether the verdict was "contrary to the weight of the evidence." The district court concluded that "even if the jury had the exculpatory evidence, it would not alter the weight of the evidence insofar as to grant a new trial." While the district court's ruling also referred to a *Brady* standard (in stating it "finds no evidence that would probably have changed the outcome of the trial") and a harmless-error standard (in stating that nondisclosure of the exculpatory information "was indeed harmless"), the ruling centered on the more arduous weight-of-the-evidence standard.

In this appeal, Barrett claims the district court applied an incorrect legal standard in reaching its decision. Our review is thus for legal error. Iowa R. App. P. 6.907; *State v. Robinson,* 506 N.W.2d 769, 770 (Iowa 1993). We find the district court erred in applying too strict a standard in determining whether Barrett was entitled to a new trial under these circumstances.

Of course, the district court didn't have this opinion when it analyzed the new trial motion. When a district court doesn't have the guidance of a particular test or applies the incorrect standard, "we remand for new findings and application of the correct standard." *Robinson,* 506 N.W.2d at 770–71. In *State v. Showens,* we remanded when it wasn't clear the district court applied the correct standard and "did not have the benefit of our construction of the statute" in its initial ruling. 845 N.W.2d 436,

449 (Iowa 2014). We thus reverse the ruling in this case and remand for consideration of whether Barrett is entitled to a new trial under the standard we've articulated.

**REVERSED AND REMANDED.**

All justices concur except Christensen, C.J., who takes no part.