# IN THE SUPREME COURT OF IOWA

No. 20–0202

Submitted March 24, 2021—Filed June 18, 2021

**STATE OF IOWA,**

   Appellee,

vs.

**RYAN JOSEPH HAHN,**

   Appellant.

_____

Appeal from the Iowa District Court for Scott County, Tamra Roberts (motion to suppress) and Patrick A. McElyea (trial and sentencing), Judges.

Defendant challenges the district court's denial of his motion to suppress evidence. **AFFIRMED ON CONDITION AND REMANDED WITH DIRECTIONS.**

McDonald, J., delivered the opinion of the court, in which Appel, Oxley, and McDermott, JJ., joined. Christensen, C.J., filed a dissenting opinion, in which Waterman and Mansfield, JJ., joined.

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, Michael J. Walton, County Attorney, and Jonathan Noble, Assistant County Attorney, for appellee.

**McDONALD, Justice.**

Ryan Hahn was convicted of possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(*d*) (2018); failure to affix a drug tax stamp, in violation of Iowa Code section 453B.12; and possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5). In this direct appeal, Hahn contends the district court erred in denying his motion to suppress evidence. Hahn argues two sheriff's deputies violated Hahn's federal and state constitutional rights to be free from unreasonable searches and seizures when they seized and searched a trash bag outside Hahn's residence without first obtaining a warrant. We conditionally affirm Hahn's convictions and remand this matter for further proceedings.

Hahn came to law enforcement's attention in this case based on a tip from the Iowa Department of Human Services (IDHS). On September 7, 2018, IDHS protection worker Theresa Hirst sent an email to Scott County Deputy Sheriff Daniel Furlong. In the email, Hirst asked if Furlong had contact with Danielle Grimm or Ryan Hahn at an address in Dixon, Iowa. She noted:

> Suspected marijuana and pill usage. The child talked about Ryan going to Colorado several times a month to get marijuana that is prescribed to him. He has a clear bag with a bunch of some kind of pills.

Based on this tip, Deputies Furlong and Eric Burton went to Hahn's residence to conduct a trash pull. They testified there were two trash cans in the grass that were accessible from an alley. There was only one trash bag in the cans, and the deputies removed the bag from the can and searched it. They found a paper containing a summary of work hours for Grimm. They also found a "[r]eceipt from a marijuana dispensary in Denver, Colorado showing a purchase of two [half-]ounce quantities of

marijuana." Deputy Burton followed up with Hirst and obtained additional information.

Based on the information from Hirst, the items found during the garbage search, and Hahn's criminal history, Deputy Burton applied for and obtained a search warrant for the residence. The deputies executed the warrant and found contraband, including marijuana, marijuana products, prescription drugs, and paraphernalia. Hahn filed a motion to suppress evidence. Hahn argued the deputies' seizure and search of the garbage bag violated his constitutional right to be free from unreasonable seizures and searches in violation of the Fourth Amendment to the Federal Constitution and article I, section 8 of the Iowa Constitution. Based on existing law, the district court denied the motion. The matter proceeded to trial, and the jury found Hahn guilty of possession with intent to deliver, failure to affix a drug tax stamp, and possession of a controlled substance.

On appeal, Hahn contends the district court erred in denying his motion to suppress evidence. He contends the deputies physically trespassed on his protected effects and violated his reasonable expectation of privacy when they seized and searched his trash without a warrant. We agree. In *State v. Wright*, ___ N.W.2d ___, ____ (Iowa 2021), filed today, we held that law enforcement officers conducted an unreasonable and thus unconstitutional seizure and search when they seized and searched garbage bags left out for collection without first obtaining a warrant. The same rationale applies in this case.

The State contends Hahn did not preserve the issue for appeal because Hahn did not specifically advocate for a new legal standard in the district court. We disagree. Hahn challenged the constitutionality of the seizure and search within the existing legal framework as set forth in *California v. Greenwood*, 486 U.S. 35, 108 S. Ct. 1625 (1988), and *State v.*

*Henderson*, 435 N.W.2d 394 (Iowa Ct. App. 1988). Under that framework, the relevant issue was whether the garbage containers were within the curtilage of Hahn's residence. *Wright* changed that standard to encompass trespassory searches. "Generally, when we create a new standard, we remand the case to the district court to apply the standard." *Schmidt v. State*, 909 N.W.2d 778, 799 (Iowa 2018); *see also State v. Barrett*, 952 N.W.2d 308, 314 (Iowa 2020) ("Of course, the district court didn't have this opinion when it analyzed the new trial motion. When a district court doesn't have the guidance of a particular test or applies the incorrect standard, 'we remand for new findings and application of the correct standard.' " (quoting *State v. Robinson*, 506 N.W.2d 769, 771 (Iowa 1993))). This applies to the case creating the standard as well as all pending cases. *See State v. Johnson*, 539 N.W.2d 160, 165 (Iowa 1995) (stating a new rule "applies to the present case, prospectively to cases pending at the time this decision is filed, and to cases in which the issue resolved herein was preserved"). "Once a new rule has been announced in light of the court's best understanding of the governing principles, the integrity of judicial review requires the new rule to be applied to all similar cases pending on review." *State v. Royer*, 436 N.W.2d 637, 640 n.2 (Iowa 1989).

Accordingly, we conditionally affirm Hahn's convictions and remand this matter for further proceedings consistent with our opinion in *Wright*. On remand, the district court shall hold a hearing on defendant's motion to suppress evidence without consideration of the evidence and information obtained during the trash pull used to support the warrant application. *See State v. Veal*, 930 N.W.2d 319, 340 (Iowa 2019) (conditionally affirming conviction and remanding for further proceedings in light of new rule); *State v. Lilly*, 930 N.W.2d 293, 309 (Iowa 2019) (same).

The district court shall conduct further proceedings as necessary contingent upon its ruling on the defendant's motion to suppress evidence.

**AFFIRMED ON CONDITION AND REMANDED WITH DIRECTIONS.**

Appel, Oxley, and McDermott, JJ., join this opinion. Christensen, C.J., files a dissenting opinion, in which Waterman and Mansfield, JJ., join.

**CHRISTENSEN, Chief Justice (dissenting).**

I respectfully dissent and would affirm the district court's denial of Ryan Hahn's motion to suppress because he failed to preserve his challenge to the constitutionality of the searches and seizures at issue and on the merits for the reasons stated in the dissents in *State v. Wright*, ___ N.W.2d ___, ___ (Iowa 2021) (Christensen, C.J., dissenting); *id.* at ___ (Waterman, J., dissenting); *id.* at ___ (Mansfield, J., dissenting).

Contrary to the majority's claim, Hahn did not challenge "the constitutionality of the search and seizure within the existing legal framework as set forth in *California v. Greenwood*, 486 U.S. 35, 108 S. Ct. 1625 (1988), and *State v. Henderson*, 435 N.W.2d 394 (Iowa Ct. App. 1988)." Hahn's motion to suppress actually sought to factually distinguish his case from those cases, arguing, "This case is different in that the trash can was not located at or near the curb on a day designated for trash pickup; the trash can was located up near the house and not on a trash pick up day." At the suppression hearing, the district court sought clarification about Hahn's challenge, asking, "[I]t looks like some of the areas of the law aren't disputed but maybe this is more of a factual dispute; is that correct?" Hahn's counsel responded, "That is correct, Your Honor." The hearing proceeded to focus solely on whether the garbage was located next to Hahn's home or along the public alley at the time of the garbage pulls. At no time did Hahn argue the search would have been unconstitutional if the police had obtained the garbage while it was located along the public alley.

Notably, the district court's ruling does not mention the State or Federal Constitutions and states, "The parties do not dispute the existing law in this matter, but believe there is only a factual issue in regard to the

location of the trash can." As we have stressed time and again, "issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "This doctrine applies with equal force to constitutional issues." *State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020). It is clear from the record that Hahn never raised his constitutional challenge below, nor did the district court rule on such a challenge.

"The public should not be required to fund a system that would allow trial counsel to, as lawyers often phrase it, 'bet on the outcome,' " and "[i]t would be flagrantly unjust to allow such a lawyer to sit mute and complain only on appeal following an unfavorable outcome." *State v. Rutledge*, 600 N.W.2d 324, 326 (Iowa 1999). Nevertheless, that is the practice the majority endorses by reaching the merits of Hahn's unpreserved claim today. It is unfair to the State and to the district court judge to effectively reverse a suppression ruling based on a constitutional ground the defendant never urged.

Had Hahn preserved error on his constitutional claim, I would still affirm the district court's denial of his motion to suppress for the reasons stated in the *Wright* dissents. Noticeably absent in the *Wright* majority opinion is an acknowledgment that, in an effort to protect trash, the majority changed the law by creating a new standard. Although I still disagree with the majority, I appreciate that it uses this case to acknowledge the significant change it made to our search and seizure jurisprudence in *Wright*.

Waterman and Mansfield, JJ., join this dissent.