# IN THE COURT OF APPEALS OF IOWA

No. 20-1013
Filed September 1, 2021

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ERNESTO ANTONIO GUERRA PASCUAL,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Buena Vista County, Don E. Courtney, Judge.


　　　　Ernesto Antonio Guerra Pascual appeals his sentence. **AFFIRMED.**



　　　　Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

　　　　Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.


　　　　Considered by Tabor, P.J., Greer, J., and Doyle, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GREER, Judge.**

Ernesto Guerra Pascual appeals his sentences following his *Alford* plea.[1] He argues the district court violated his Fifth Amendment privilege against self-incrimination under the United States Constitution and article I, section 9 of the Iowa Constitution because it considered his lack of remorse as a sentencing factor. Pascual recognizes our supreme court held that a defendant's lack of remorse is "a pertinent sentencing factor," even when a defendant maintains their innocence by entering an *Alford* plea, in *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005). But he asks us to overturn that holding, asserting the court's reasoning in *Schmidt v. State*, 909 N.W.2d 778, 787–790 (Iowa 2018), is at odds with the holding in *Knight*. Pascual also asserts the district court erred by considering facts he claims were either not in the record or were unproven.

**Facts and Earlier Proceedings.**

In January 2018, Pascual's former stepdaughter accused him of sexually assaulting her multiple times over a year-long period, starting when she was eleven years old. Pascual was charged with second- and third-degree sexual abuse, two counts of lascivious acts with a child, two counts of indecent contact with a child, and first-degree harassment. He elected to enter *Alford* plea to lascivious acts with a child, a class "C" felony, and to two aggravated misdemeanors: assault with intent to commit sexual abuse and indecent contact with a child. In exchange, the State dropped the four remaining charges.

---

[1] By entering an *Alford* plea, "the defendant acknowledges the evidence strongly negates the defendant's claim of innocence and enters a [guilty] plea to avoid a harsher sentence." *Comm. on Prof'l Ethics & Conduct v. Sturgeon*, 487 N.W.2d 338, 340 (Iowa 1992).

Pascual appeared in the district court in December 2019 to enter his plea for lascivious acts with a child and provided a written plea to the two aggravated misdemeanors. The written plea agreement provided "[t]he parties stipulate that the entirety of the minutes of testimony may be relied upon to supplement the factual basis of the plea and may be used for consideration by the [c]ourt of aggravating or mitigating circumstances during sentencing." Additionally, the parties agreed at the plea hearing that the district court could take "judicial notice of the minutes in determining a factual basis" for Pascual's crimes. The district court engaged Pascual in a thorough colloquy before accepting his *Alford* plea and scheduled sentencing for July 2020.

At the sentencing hearing, Pascual exercised his right of allocution and denied having any sexual contact with the child. Before pronouncing the sentence, the district court stated:

> In this case I'm dealing with a 12-year-old sixth grader, your stepdaughter, that I am convinced, based upon my review of the minutes of testimony, you manipulated and you were, in fact, a predator. You were in a position of power and authority over this child. And the court feels that you need to be held accountable for this behavior. The court agrees with the presentence investigation [(PSI)] reporter that you failed to have any concern or empathy for the victim in this matter and that your concern is how this impacts your life.

Pascual was sentenced to an indeterminate ten-year sentence for lascivious acts with a child, an indeterminate two-year sentence for assault with intent to commit sexual abuse, and an indeterminate two-year sentence for indecent contact with a child, all to run concurrently. Pascual was also ordered to register with the sex offender registry. He appeals.

**Standard of Review.**

We review Pascual's constitutional challenge to his sentence de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). We review his claim the district court considered unproven facts for abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Because Pascual's sentence falls within the statutory parameters, we presume it is valid, and he must affirmatively show the district court relied on improper evidence to defeat this presumption. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

**Analysis.**

Pascual challenges his sentences following an *Alford* guilty plea. Because judgment was entered against him in July 2020 and he pled guilty to crimes that are not class "A" felonies, Iowa Code section 814.6(1)(a)(3) (2020) controls Pascual's right to appeal. *See State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020). And here, Pascual has good cause to appeal. *See id.* at 104 ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). So we consider the merits of Pascual's claims.

Pascual argues *Knight* is no longer viable in light of more recent case law, *Schmidt v. State*, 909 N.W.2d 778, 789 (Iowa 2018), which held the Iowa Constitution permits defendants that plead guilty to bring freestanding claims of actual innocence. In reaching this conclusion, the court recognized defendants sometimes plead guilty to crimes they did not commit. *Schmidt*, 909 N.W.2d at 788. Pascual reasons the holding of *Knight* runs afoul of *Schmidt* because *Knight*

allows courts to "penalize" defendants entering *Alford* pleas for showing a lack of remorse even while they maintain their innocence.

We disagree, and we decline Pascual's invitation to overturn existing precedent. First, "[g]enerally it is the role of the supreme court to decide if case precedent should no longer be followed." *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014). And Pascual's argument against *Knight* misses the mark; the case does not stand for the proposition that defendants may be penalized at sentencing for maintaining their innocence. Instead, it allows sentencing courts to "find[] a lack of remorse based on facts other than the defendant's failure to plead guilty. A defendant's lack of remorse can be discerned 'by any admissible statement made by the defendant pre-trial, at-trial, or post-trial,' or by 'other competent evidence properly admitted at the sentencing hearing.'" *Knight*, 701 N.W.2d at 87 (quoting *State v. Shreves*, 60 P.3d 991, 996 (Mont. 2005)). We see no conflict between the holdings of *Knight* and *Schmidt*. Noting "strong evidence of actual guilt," the district court based its finding that Pascual lacked remorse on the PSI report, the minutes of testimony, and Pascual's own statements to the court. The district court gleaned from the PSI that Pascual seemed focused on how the case impacted him rather than the child. Thus, it was not improper to consider lack of remorse as a factor in imposing Pascual's sentence.

Pascual fashions an additional but similar claim, asking us to overturn *Knight* and hold "using lack of remorse as a sentencing factor when the defendant maintains his innocence is a violation of [the] privilege against self-incrimination as well as the same privilege under Article I Section 9 of the Iowa Constitution." Pascual postures he was "penalized" for maintaining his innocence via an *Alford*

plea because the district court could have suspended his sentences but chose not to because of his lack of remorse.

He relies on *Brown v. State* to bolster his argument, a case that is easily distinguishable from the facts here. 934 P.2d 235 (Nev. 1997). In *Brown*, the sentencing court told the defendant, who was found guilty at trial, that "it was going to make a 'big' difference in the length of the sentence whether [he] was finally going to admit his guilt or if he was going to maintain his innocence" before it sentenced him to the maximum penalties. 934 P.2d at 240. The Nevada Supreme Court held that "[r]equiring [the defendant] to either express remorse or receive a harsher sentence violated [his] Fifth Amendment rights and constituted an abuse of discretion." *Id.* at 246. But the district court here made no such coercive statements, and there is nothing in the record indicating the district court declined to suspend Pascual's sentences based solely on his refusal to admit guilt or show remorse. Pascual's lack of remorse was only one factor in the sentencing decision; the district court also stated

> [t]he court has chosen the sentence it has because it does feel that it provides the maximum opportunity for the defendant's rehabilitation, that it does protect the community from further offenses by this defendant and others, and the nature of the offense committed *along with those other reasons cited in the record earlier.*

(Emphasis added.) We find no violation of Pascual's privilege against self-incrimination and decline his invitation to overturn *Knight*.

For his final claim, Pascual accuses the district court of considering unproven facts contained in the minutes of testimony in its sentencing determination. Specifically, he takes issue with two facts that were accepted as

true: (1) his status as the abused child's stepfather and (2) that he was in a position of power and authority over the child. Once again, his claim lacks merit.

First, while Pascual and the child's mother were no longer married at the time of the underlying crimes, they had been married for approximately eight years and the child, who was under twelve at the time, still considered him to be her stepfather. She referred to him as such in interviews with investigators, and Pascual is the father of the child's half-siblings. The PSI also listed Pascual as the child's stepfather, and he raised no objection to this designation. More importantly, the written plea agreement provided "[t]he parties stipulate that the entirety of the [m]inutes of testimony . . . may be used for consideration by the [c]ourt of aggravating or mitigating circumstances during sentencing." The minutes of testimony supported a finding that Pascual was the child's stepfather and that he was in a position of power and authority over her. Having expressly stipulated that the district court could consider the minutes of testimony in determining his sentence, we hold the district court did not abuse its discretion in doing so. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court.").

**Conclusion.**

Because Pascual's constitutional claims lack merit and we find no abuse of discretion, we affirm the sentences imposed by the district court.

**AFFIRMED.**